[No. 6,997.—Department Two.]
July 27, 1882.

## ESTATE OF JOSEPH R. CORWIN.

ESTATES OF DECEASED PERSONS—APPEAL—ORDER DIRECTING CONVEYANCE OF REAL ESTATE—APPEALABLE ORDER.—An order directing or refusing to direct a conveyance of real estate by an executor or administrator under Sections 1597 *et seq.*, C. C. P., is appealable.

ID.—ID.—EXECUTOR OR ADMINISTRATOR—UNDERTAKING.—Upon an appeal by an executor or administrator (who has given an official undertaking) from an order made in the administration of the estate an undertaking on appeal is unnecessary.

ID.—ID.—BILL OF EXCEPTIONS—RECORD.—Appeal (taken November 24, 1879), from an order of the Probate Court directing a conveyance of real estate. *Held:* The case was properly brought up by bill of exceptions.

ID.—CONVEYANCE OF REAL ESTATE—SPECIFIC PERFORMANCE.—A proceeding under Sections 1597 *et seq.*, C. C. P., to compel a conveyance of real estate is one for the specific performance of a contract in the Probate Court.

ID.—ID.—ID.—PARTIES.—It was not the intention of the statute to vest in the Probate Court more extensive power than was administered by a Court of Equity; and therefore where it appears in such a proceeding that there are third parties interested in the controversy and who, were the proceeding in equity, would be necessary parties, the petition should be dismissed. So held in a case where the petition showed that the administrator had conveyed the premises to a third person under an order of Court before the petition was filed.

APPEAL by George W. Gildersleeve, administrator of the estate of Joseph R. Corwin, from an order ordering him to make a conveyance of certain real estate in the Probate Court of the City and County of San Francisco. MYRICK, J.

A petition for hearing in bank was filed in this case after judgment, and denied.

*W. S. Wood*, for Appellant.

The motion to dismiss this appeal should be denied. No undertaking was required. (§ 970, C. C. P.)

The case is properly presented by a Bill of Exceptions. By Section 1713, the provisions of Part ii. of the Code of Civil Procedure were made applicable to and constituted the rules of practice in the Probate Court. Sections 646 to 658, inclusive, regulated the practice concerning exceptions, and by Section 670, bills of exception were made part of the judgment roll. This appeal appears to have been taken in conformity with the practice established in the various sections of the Code above cited, and with the views of the Supreme Court as announced in *Bacon v. Robson,* 53 Cal. 379. The cases cited by respondent were decided prior to the passage of the Code, and at a time when the present practice concerning bills of exception had not been established. (*Walsh v. Hutchings.*) The property had been sold by order of the Probate Court.

CAL. REPS. LXI—11

Baldwin was a necessary party to the proceeding, and no decree could be rendered without his presence; and it was beyond the power of the Probate Court to bring him before it, or, when there, to give him a hearing which should enable him to present his rights, or to render a judgment which should be binding upon him.

*E. A. Lawrence*, for Respondent.

The appeal should be dismissed, because the order is not appealable. Code Civil Procedure, Section 969, Subdivision 5, does not refer to conveyance on specific performance of contract, but only to conveyance on sale and partition. There is no statement as required by law, nor undertaking on appeal. (*Wetherbee* v. *Carroll*, 33 Cal. 554–557; *Bodley* v. *Ferguson*, 25 id. 584.)

Section 970, Code Civil Procedure, only applies where an administrator has given an official bond. The sureties of the administrator can not be liable for costs and damages on appeal, because that is not their undertaking, and the law can not make a contract for them which will be binding. The administrator's official bond may be for less than three hundred dollars, and respondent is deprived of his right to except to the sureties and make them justify. (C. C. P., § 948.)

The previous sale by order of Probate Court does not interfere with the right to make this order. The sale was only of "the right, title, and interest of the estate." Such sale is "subject to all subsisting charges thereon by judgment, mortgage, or otherwise, which existed at the time of his death." (McClellan's Surrogate Court Practice, § 2778, p. 770; *Bruck* v. *Tucker*, 32 Cal. 431; C. C. P., § 1555; *Halleck* v. *Guy*, 9 id. 181.)

It is not necessary now to inquire what would be the effect of the conveyance to Lawrence. That would be determined in a different tribunal from the Probate Court. The Code says its effect is the same as if Corwin had signed it. (C. C. P., § 1603.)

The COURT.

This is an application by petitioner to the Probate Court of the City and County of San Francisco under Chapter IX

of the Code of Civil Procedure, which treats " of the convey-ance of real estate by executors and administrators in certain cases," and the appeal is taken from the order directing the conveyance asked for in the petition.

The order is appealable. (C. C. P., § 969, Subd. 5.) The conveyance there mentioned is not, as contended by respond-ent, a conveyance on sale and partition. The section referred to, in our opinion, authorizes the appeal.

There is a sufficient undertaking on appeal (C. C. P., § 970) and the matters are properly brought before us by bill of ex-ceptions. (C. C. P., §§ 646–658, 670, 1713.) The petition of respondent shows, among other matters, that the administra-tor of Corwin, who is proceeded against, before the petition was filed, had made a lawful conveyance to one E. J. Bald-win, whereby the title (referring to the title to the real estate for which a conveyance is sought by the proceeding), has passed to Baldwin. Baldwin is not a party to the pro-ceeding, and could not have been made a party to it in the Probate Court. The statute makes no provision for making him a party. Under these circumstances the petitioner was not entitled to a decree.

The proceeding is one for a specific performance of a con-tract in the Probate Court. It is so spoken of in Code of Civil Procedure, Section 1602. Under such circumstances a Court of equity would not decree a specific performance. Before proceeding to a decree such Court is always careful to have all parties before it who have a right to be heard, as did Baldwin here, so that full and complete justice might be done. It was not the intention of the statute to vest in the Probate Court more extensive power than was administered by a Court of equity. This view is sustained by Section 1602 of the chapter of the Code of Civil Procedure above referred to.

The order is reversed, and the cause remanded, with direc-tions to dismiss the petition without prejudice, under the sec-tion last referred to.