[No. 15510.   Department Two.—June 1, 1894.]

## IN THE MATTER OF THE ESTATE OF HIRAM A. PEAR-SONS, DECEASED.

VENDOR AND PURCHASER—TENDER OF PURCHASE MONEY—OBJECTION NOT
    EXPRESSED.—The sufficiency of a tender of the unpaid balance of the
    purchase price of land cannot be objected to on the ground that it was
    not in gold coin, where the only objection made to the tender at the
    time it was made was that it did not include interest and taxes.
ID.—ESTATES OF DECEASED PERSONS—SALE BY EXECUTOR—APPEAL FROM
    DECREE OF CONFIRMATION—STIPULATION SUSPENDING CONTRACT RIGHTS
    —INTEREST ON PURCHASE MONEY—TAXES.—Where an executor under
    a power of sale contained in the will sold the property of the decedent

at auction, part of the purchase money to be paid in cash and the balance on confirmation of title by the superior court, and the purchasers appealed from the decree of confirmation, whereupon it was stipulated between them and the executor that the whole matter should remain in *statu quo* until after the decision of the supreme court establishing the rights of the purchasers, the stipulation suspended the consummation of the contract until after the determination of the appeal, and the purchasers are not liable for interest upon the purchase money from the date of the auction sale, nor for taxes, but they may compel a conveyance to themselves upon their payment of the balance of the purchase money.

Id.—Sale by Executor Under Power Not Judicial.—An executor's sale of realty under a power in a will is not strictly a judicial sale; but as between the executor and purchaser the dealings are the same as they would be between any other vendor and vendee.

Appeal from an order of the Superior Court of the City and County of San Francisco requiring an executor to complete the sale of land.

The facts are stated in the opinion of the court.

*J. H. Moore*, for Appellant.

The contract of sale in this case was complete, so far as the executor was concerned, upon the recording of the order confirming the sale, and the executor became entitled to the purchase money at that time. (Williams on Executors, sec. 552; Code Civ. Proc., sec. 1554.) The so-called tender was a misnomer and without real effect, as the money sought to be tendered was not cash in "gold coin." (*Carpentier* v. *Atherton*, 25 Cal. 564; *Magraw* v. *McGlynn*, 26 Cal. 421; *Vilhac* v. *Biven*, 28 Cal. 410.) The executor would have had no right to accept such a tender, even had the sum named been a sum equal in arithmetical amount if in a different currency to that due in United States gold coin. (*Marshall* v. *Caldwell*, 41 Cal. 611; *Englander* v. *Rogers*, 41 Cal. 420; *Barsolou* v. *Newton*, 63 Cal. 223; *Dowd* v. *Clarke*, 54 Cal. 48.) The so-called tender was, furthermore, in every sense insufficient and nugatory, because the vendor (the executor), after the auction sale, was but a trustee for the vendee of the estate or realty sold, and the vendee was a trustee for the vendor of the unpaid balance of

purchase money. (*Truebody* v. *Jacobson*, 2 Cal. 269; *Willis* v. *Wozencraft*, 22 Cal. 608; *Heinlen* v. *Martin*, 53 Cal. 345; *Whittier* v. *Stege*, 61 Cal. 238; Pomeroy's Equity Jurisprudence, secs. 368, 1161, 1261.) Interest and taxes should also have been tendered. (Civ. Code, secs. 1915, 3287; 2 Sedgwick on Damages, 216; *Beals* v. *Supervisors*, 35 Cal. 624; *Dunne* v. *Mastick*, 50 Cal. 244; *Cummings* v. *Howard*, 63 Cal. 504.)

*W. S. Goodfellow*, and *Naphtaly, Friedenreich & Ackerman*, for Respondents.

As there never was any time specified for completing the purchase, and no stipulation for the payment of interest, the purchasers were not liable for interest until they got possession of the property. (Fry on Specific Performance, sec. 889; Waterman on Specific Performance, sec. 519; Pomeroy on Specific Performance, sec. 429; *Steenrod* v. *Wheeling etc. R. R. Co.*, 27 W. Va. 1; 11 Am. & Eng. Ency. of Law, 389.) The purchasers could not be put in default until after the decision upon appeal, and they were not put in default, as within that time they made a legal and valid tender of the balance of the purchase money. (Code Civ. Proc., secs. 2074, 2076.)

*Rosenbaum & Scheeline*, also for Respondents.

The objection that the tender was insufficient because not made in gold coin was waived by failure to make such an objection at the time of the tender. (Civ. Code, sec. 1501; Code Civ. Proc., sec. 2076; *Barnhart* v. *Fulkerth*, 73 Cal. 530; *Oakland Bank* v. *Applegarth*, 67 Cal. 88.) The purchaser's liability does not include interest or taxes. (Code Civ. Proc., sec. 1554.) The executor failed to keep his tender good by filing his application for a resale, thus abandoning the contract of sale which he had entered into. (*Hayes* v. *Josephi*, 26 Cal. 545; *Bryan* v. *Maume*, 28 Cal. 243; *Redington* v. *Chase*, 34 Cal. 670.)

McFARLAND, J.—This is an appeal of E. J. Moore, executor of the will of Hiram A. Pearsons, deceased, from an order of the court below requiring him to complete the sales of several pieces of real property made by him to John F. English and others, respondents herein, and confirmed by the court March 18, 1892, and to execute to them deeds of conveyance of said property upon their payment of the balance of the purchase money.

On January 28, 1892, the appellant, as executor, sold the said property at auction to the respondents, under a power of sale contained in the will of said Pearsons, deceased. The terms of the sale were cash in gold coin, ten per cent to the auctioneer at the time of sale, and balance on confirmation of sale by the superior court. When the matter of confirming the sale came up before the court on March 18, 1892, the respondents herein objected to the confirmation on the ground that under the will the executor had no power to sell the property without a previous order of the court; but the court made an order confirming the sale. Thereafter, on April 18, 1892, appellant tendered to each of the respondents a deed of the property sold to him, and demanded payment of the balance of the purchase money, which amounted to thirty-three thousand three hundred and forty-five dollars, and notified them that on default of immediate payment thereof "such recourse will be taken as is afforded by law." Payment not having been made, the appellant, on April 28, 1892, served and filed in court his affidavit and motion for an order directing a resale of said property. Respondents appealed to this court from the order of March 18, 1892, confirming said sales. On March 23, 1892, the parties made a written agreement and stipulation, in which, after a recital of the foregoing facts, it was stipulated that the appellant herein "shall consent that his motion of resale be continued until after said appeal to the supreme court shall be determined"; and that if the order confirming the sale should be affirmed by the supreme court, the re-

spondents herein should pay to the appellant, "within thirty days after the determination of said appeal against them, the unpaid balance of the purchase price of the lots of land purchased by them respectively as afore-said, on receipt of the deeds of said properties respectively." This stipulation, as originally drafted, contained the following clause: "With interest thereon from the date of said order of confirmation at the rate of five per cent per annum"; but this clause was erased before execution, and there was inserted in its stead, in the handwriting of the attorney of the purchasers, the final words of the stipulation, viz: "On receipt of the deeds of said properties respectively."

During the pendency of said appeal the present appellant, Moore, remained in possession of all the property, made leases thereof, received the rents, and fully controlled it without any consultation with the respondents herein.   He also during said time paid some taxes levied against said property.   The said appeal was determined by this court on June 13, 1893, by a decision affirming the order confirming said sales.   (*In re Pearsons*, 98 Cal. 603.)   On July 18th the purchasers, respondents herein, tendered to the appellant the unpaid balance of said purchase money, and demanded deeds of conveyance of said properties.   The appellant refused to deliver the deeds until respondents should have paid the balance of the purchase money, "together with interest thereon from the date of the tender" of his deeds, made on April 18, 1892, as aforesaid, and " all taxes paid by him since the date of said sale," he agreeing to account for the rents.   Thereupon respondents made application to the court for an order requiring appellant to complete said sales, and execute deeds of conveyance to respondents upon their payment of said unpaid purchase money; and the court made the order without requiring them to pay said interest or taxes. From said order the said executor appeals.

We will pass over the point made by respondents that the order is not appealable, and all technical points

made by them.  Appellant's point now made, that the
tender was not in gold coin, is not tenable; for it is clear
that the only objection made to the tender was that it
did not include interest and taxes.  The real question
is, "Were respondents compelled, under the circum-
stances, to pay said interest and taxes?  And we think
that they were not.

The sale involved in the case at bar was not strictly
a judicial sale.  "The purchaser from an executor at a
sale under a power in the will deals with him in making
the purchase as he would with any other vendor."  (*In
re Pearsons*, 98 Cal. 603.)  In an ordinary case of a con-
tract for the sale and purchase of land, when an action
has been brought by the vendor for specific perform-
ance, a court of chancery will sometimes allow interest
on the purchase money from the time when the con-
tract ought to have been consummated, although the
vendor has remained in possession, and in receipt of
the income of the land, when the circumstances show
such allowance to be equitable.  Such allowance is not,
however, an absolute legal right of the vendor.  Where
there is a *bona fide* objection to the title, and, during the
delay caused by its judicial investigation, the vendor
remains in possession and receives the rents or profits
of the land, such rents or profits, in the absence of an
express contract upon the subject, should frequently be
considered in equity as all that the vendor is justly
entitled to during this delay.  In the case at bar
respondents' objection to the title was certainly not a
trivial one; for the opinion of this court (98 Cal. 603)
shows that their said objection raised a question worthy
of grave and elaborate consideration.  We do not think
that if appellant were suing for specific performance
equity would be called upon, under the circumstances,
to allow him, during the delay caused by the litigation,
any thing more than the rents and profits of the land.
But appellant did not sue for specific performance.
After having tendered deeds to respondents he did not
keep the tender good, but notified them that he would

proceed to resell the property, and, of course, would hold them for damages if the property sold for less than their bid, and the expenses of the previous sale, under section 1554 of the Code of Civil Procedure. Moreover, under the stipulation above mentioned, it was clearly agreed by all the parties that the whole matter should rest, and remain in *statu quo* until after the decision by this court of respondents' said appeal; and that the contract should be in abeyance until such decision should have clearly established the rights in the premises of each party to the contract of sale. Under the stipulation the consummation of the contract was suspended by the act of the parties until after the determination of the appeal. The stipulation did not provide for interest; and, in fact, it appears that respondents expressly refused to execute it when it did contain such a provision. Under these circumstances appellant did not hold the land as trustee for respondents, nor were the latter trustees of the purchase money for the appellant. The time for the consummation of the contract had not come. Of course, the taxes are in the same category.

The order appealed from is affirmed.

De Haven, J., and Fitzgerald, J., concurred.