## GREEN v. BARNEY.

### No. 15,321; June 12, 1894.

#### 36 Pac. 1026.

**Vendor and Vendee—Rescission by Former.—B., Having Defendant's** contract to sell him certain land, died, leaving a balance overdue and unpaid. The contract had not then been rescinded, but defendant made no claim against B.'s estate. Plaintiff, B.'s successor in interest, told defendant that she could not complete the purchase, and suggested a division of the land. Defendant refused, but offered to sell her the land, without counting B.'s payments, for a price considerably more than the balance due on the contract. Plaintiff said she would rather keep to the old contract, but was told there was no old contract to keep to. Later, plaintiff wrote defendant that she was now able and willing to pay the amount due, and requested an account, which was furnished, with a letter from defendant's attorney to the effect that defendant did not recognize plaintiff's right to the information. Held, that defendant had rescinded.

Vendor and Vendee—Offer to Pay—Waiver.—Civil Code, section 1496, provides that, unless an offer of performance be accepted, the thing to be delivered need not be actually produced. Section 1501 declares that all objections to the mode of an offer which could be stated at the time to the person making the offer, and could be then obviated by him, are waived unless then stated. Held, that, in case of an offer to pay money, actual production of it is waived unless demanded at the time.

Vendor and Vendee—Rescission by Former.—A Vendor Who, After Receiving money on the contract, rescinds it for the vendee's breach, has the burden to show, as against the vendee's claim for return of the money, what damages he has sustained by the breach.

APPEAL from Superior Court, City and County of San Francisco; William T. Wallace, Judge.

Action by A. H. Green against Mary E. Barney for money had and received. Judgment for defendant. Plaintiff appeals. Reversed.

M. Cooney for appellant; Blake, Williams & Harrison for respondent.

VANCLIEF, C.—On January 1, 1886, a written agreement was executed by and between the defendant and E. H. Bray, whereby the former agreed to sell and the latter to purchase a lot of land (sixty acres) situated in Contra Costa county, at the price of $3,750, of which price $200 were paid on the date of the agreement, and $550 were to be paid January 1, 1887, and the remainder ($3,000) on or before January 1, 1889, deferred installments to bear interest at eight per cent per annum. It was further agreed that time should be of the essence of the contract, and that the $200 paid should be forfeited in the event of Bray's failure to pay the deferred installments according to the agreement. One Blackmar being in possession of the land under a cropping lease, it was further agreed that Bray should have the benefit of the landlord's share of the crop on the land at date of the agreement, but that the proceeds of the sale thereof should be applied on said deferred installments, and that possession of the land should be given to Bray upon the surrender thereof by Blackmar. Bray died September 14, 1889, having paid only $1,825 on the contract, but the contract had not been

rescinded before his death. The plaintiff, having succeeded to all the rights and interest of Bray in the contract, of which there is no question, brought this action to recover the said sum of $1,825 paid by Bray in his lifetime. The cause having been tried by the court without a jury, and findings of fact having been waived, the judgment of the court was in favor of the defendant, from which, and from an order denying her motion for a new trial, the plaintiff has appealed.

As the appeal from the judgment was not taken within one year from the entry thereof, it should be dismissed. On the appeal from the order denying a new trial, which was properly taken, the appellant contends that material implied findings of fact, on which the judgment necessarily rests, are not justified by the evidence. If the contract had not been rescinded before the commencement of the action, or if, in case it had been rescinded, by reason of a breach thereof by plaintiff, on account of which defendant suffered damages in a sum equal to the amount of the payments made by Bray, then the judgment in favor of defendant was right; otherwise it was wrong, and should be reversed. Therefore, the judgment for defendant implies that the court must have found either that the contract had not been rescinded, or that the rescission thereof was owing to a default of the plaintiff, whereby defendant suffered damages in a sum equal to, and sufficient to cancel, the payments made by Bray: Phelps v. Brown, 95 Cal. 572, 30 Pac. 774, and cases there cited. I think the evidence, without substantial conflict, shows that the contract was abandoned by defendant after the death of Bray, on account of the default of the plaintiff in failing to pay the remainder of the purchase money; that such abandonment was acquiesced in by plaintiff before the commencement of this action, whereby a rescission of the contract was consummated; and that the evidence does not justify a finding that, by reason of plaintiff's default, the defendant sustained damages in a sum equal to, and sufficient to cancel, the payments made by Bray, to wit, $1,825.

1. The undisputed evidence as to the abandonment and rescission of the contract is substantially as follows: Soon after the death of Bray, the plaintiff signified her inability to complete the purchase, and requested an equitable division of the land on the basis of the purchase money paid by Bray,

to which defendant did not assent; but defendant proposed to sell the land to plaintiff at the price of $50 per acre, independent of, and without accounting for, the payments made by Bray, which offer was not accepted by plaintiff. It should be noted that this proposal to sell the land to plaintiff at a price exceeding the amount due on the contract by $1,070 is inconsistent with the claim that defendant considered the contract in force. On the fifteenth day of August, 1890, plaintiff addressed a letter to defendant, saying that she "was now ready, willing and able to pay the actual amount due," and requesting information as to the payments made by Mr. Bray in his lifetime, and of the actual amount due on the contract. Defendant requested her attorney to answer this letter, which he did by letter dated August 18, 1890, saying: "While Mrs. Barney does not wish to be understood as recognizing any right on your part to the information you ask for, she has no objection to giving it." This letter inclosed a copy of the contract, with a statement of payments made by Mr. Bray, but did not state that any amount was due, nor express a willingness on the part of the defendant to accept any further payment on the contract. The only further communication between the parties after this letter was a letter from plaintiff to defendant, dated August 21, 1890, demanding payment by defendant of the sum of $1,825, paid by Bray, with interest. At an interview between plaintiff and defendant early in August, 1890, in the presence of defendant's son, who had acted for her in the matter, the defendant proposed to give plaintiff an option to purchase the land within a specified period at $50 per acre. In declining this proposal, plaintiff said she "would rather adhere to the old contract." To this the son, in the presence of his mother, replied: "There must be some misunderstanding concerning the contract. There is no old contract for you to adhere to." To this statement of her son the defendant said nothing. The defendant testified that she understood plaintiff's letter to her, of August 15, 1890, as an "unequivocal declaration that she [plaintiff] was able and willing and intended to pay for this land pursuant to the contract"; and also testified that she (defendant) was in possession of the land, but did not say when she took possession. The plaintiff, however, testified that defendant "has always been in the possession of that land," and this testimony

was not disputed. As to whether plaintiff verbally offered to pay the remainder of the purchase money prior to the offer made by the letter of August 15, 1890, the testimony of plaintiff and defendant is conflicting, but there is no evidence in conflict with that above stated. The objection that plaintiff's written offer to pay was ineffectual because the money offered was not actually produced is not tenable. The defendant had an opportunity to object to the sufficiency of the offer on the ground that the money was not produced, and, had she done so, the plaintiff could have obviated the objection; and, since defendant failed to object on any ground, she thereby waived the objection here made: Civ. Code, secs. 1496, 1501. Her denial of plaintiff's right to the information asked in the letter of August 15th, without which plaintiff was unable to compute the amount due on the contract, plainly indicated not only that the payment of that amount was not desired, but that defendant repudiated the contract, and, as the letter was carefully drawn by defendant's attorney, it cannot be otherwise understood. Perhaps it may not be irrelevant, under this head, to observe that, although it was expressly admitted at the trial that the estate of Bray had been fully administered and distributed before the commencement of this action, there was no evidence that defendant made or presented any claim whatever against the estate.

2. Assuming that the court may have found, as it should, that the contract was abandoned and rescinded after the death of Bray, it remains to be determined whether the evidence justifies a finding that the damage to defendant in consequence of the breach of the contract by plaintiff equaled and canceled the payments made by Bray. In view of the contingency that the court should find that the contract had been rescinded, the defendant alleged in her answer that by reason of the breach of the contract she had suffered damages in the sum of $2,023, but specified no particular damage except that she had lost the crop on the land at the time of the sale, which she avers was of the value of $700. At the trial, however, the defendant called and examined several witnesses as to the value of the land, the effect of whose testimony was that the market value of the land would average at least $45 per acre from January 1, 1889, until the time of the trial, and consequently that the whole (sixty acres) was of the market

value of $2,700, which is only $350 less than the contract price, exclusive of the crop, which defendant values at $700. Conceding that defendant was entitled to recover as damages the difference between the contract price and the depreciated market value of the land, and also $700 for the crop, amounting to $1,050, still plaintiff would be entitled to judgment for the difference between this amount and the $1,825 paid on the contract, which is $775. It is not intended, however, to estimate or find the amount of damages to which the defendant was entitled according to the evidence, but only to decide, as matter of law, that the evidence does not substantially tend to prove that defendant was damaged to the extent of $1,825, as must have been found by the trial court; in other words, that the damages found are excessive, and not warranted by the evidence. The question of damages, as well as that of rescission of the contract, will be open to additional evidence on a new trial. All that is conclusively decided on this appeal is that the evidence contained in the statement on motion for new trial is insufficient to justify a finding either that the contract was in force at the time the action was commenced, or that the damages suffered by defendant were sufficient to cancel the payments admitted to have been made by Bray. No question as to what is the proper rule by which to measure the damages is involved in this appeal. I think the appeal from the judgment should be dismissed, and that the order denying a new trial should be reversed and the cause remanded for a new trial.

We concur: Belcher, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion it is ordered that the appeal from the judgment be dismissed, and that the order denying a new trial be reversed and the cause remanded for a new trial.