This is an appeal from an order of the superior court of Monterey County, made under the provisions of section 2289 of the Civil Code, appointing a trustee in place of the deceased trustee, "to fulfill and complete the *Page 215 
purposes of the trust and to complete the contract set out in the petition of the petitioner." The trust in question was claimed to have been created by the last will of Jane Walker, the provisions of said will which are material being as follows, viz.: —
Third — "I desire that my lot commonly known as lot No. 3 in block 41 of the Second Addition to Pacific Grove, Monterey Co., state of California be sold as soon as an advantageous price can be obtained for the same and that William F. Gibson, whom I hereby appoint as trustee for that purpose shall invest the proceeds in some income producing property or first mortgage security and pay the proceeds to my grandnieces Sadie and Nannie Mayhew, one half thereof to each. I desire that such income shall be paid to Sadie and Nannie Mayhew directly, so that they can use the same themselves; and a receipt from them to my said trustee shall be sufficient to relieve him from any further responsibility therefor. When my said grandnieces shall attain their majority, then I direct my trustee to pay over said trust fund or deliver the investment to said grandnieces. If either shall die previous to attaining her majority, the survivor shall take her sister's portion."
Seventh — "I give my executor hereinafter named full power to sell any and all of my estate real and personal as he may deem expedient at either public or private sale and without first obtaining an order of court therefor. . . ."
Eighth — "I hereby appoint William F. Gibson of the city and county of San Francisco, state of California, as executor of this my last will and request that he be allowed to qualify and to act as such without giving bonds to any court."
This will was dated January 10, 1895, and deceased died in the year 1897, a resident of the city and county of San Francisco. Such will was admitted to probate in the superior court of such city and county, and the proceedings for the administration of the estate are still pending therein, no distribution as yet having been had.
William F. Gibson was appointed and qualified as executor of the will, and continued to act as such until his death in 1901. On February 4, 1899, he, purporting to act as executor and trustee, agreed in writing to sell to respondent, Mrs. Annie L. Gallagher, the lot of land described above for eight *Page 216 
hundred dollars, eighty dollars to be paid as a deposit, and seven hundred and twenty dollars within three years, with interest, Mrs. Gallagher to pay all taxes on the land, and agreed that a deed should be executed on full payment of the purchase price.
Something over six hundred dollars had been paid by Mrs. Gallagher to Gibson under this agreement prior to his death, and after his death thirty dollars was paid by her to the administrator with the will annexed of the estate of Jane Walker.
At the time of the making of this agreement, Nannie Mayhew, one of the beneficiaries, had attained her majority, and the only other beneficiary, Sadie Mayhew, attained her majority June 7, 1899.
The evidence showed that after the attainment of their majority, the beneficiaries received from Gibson small amounts aggregating one hundred and eighty-five dollars, proceeds of said agreement, and after his death other portions of said proceeds from the administrator with the will annexed, all of which they still retain. No return of the sale made by Gibson was ever made to the superior court having jurisdiction of the estate.
The order appealed from was made by the superior court of Monterey County on May 1, 1905, being based on an application therefor made by respondent May 31, 1904.
The beneficiaries of the trust, Sadie Mayhew and Nannie Mayhew, appeal from such order.
It is apparent that the sole object of this proceeding is to enable Mrs. Gallagher to complete her contract for the purchase of this land and obtain title thereto.
It is of course essential to the right of a court to appoint a trustee under the provisions of section 2289 of the Civil Code, to fill a vacancy, that there should be an existing trust to be executed. It is claimed by respondent that a valid trust for the sale of this lot and the investment of the proceeds of such sale was created by the will of Mrs. Walker, and that this trust for the sale had not been fully executed. We are of the opinion that under a proper construction of the provisions of the will, the sole purposes for which Gibson was appointed trustee were to invest, for the benefit of Sadie and Nannie Mayhew, the proceeds of the sale which the testatrix in effect *Page 217 
directed to be made, and to pay the income of such investment to such beneficiaries during their minority, at the expiration of which they were to receive the principal in equal shares, and that the provision as to sale was simply a direction to her executor to sell as soon as an advantageous price could be obtained. It is true, as urged by respondent, that no particular form of expression is necessary to constitute a valid trust, but it is essential that the intention of the testator to so do should be apparent, and so far as the sale of the land by a trustee is concerned, we can see no evidence of such intent in the will before us. It will be observed that there is no direct devise of the land to Gibson, and that the provision as to the appointment of Gibson as trustee apparently has reference solely to the matter of investment of the proceeds, and payments of the same to Sadie and Nannie Mayhew. The duties imposed upon him as trustee in regard thereto were not such as to render it imperative that the legal title to the land should vest in him, and there is nothing from which the intent to create a trust for the sale of the land can be inferred. The fifth paragraph of the will contains a substantially similar provision as to the desire of the testatrix for the sale of certain shares of stock and the immediate payment of the proceeds of such sale to certain persons, without any bequest in terms. In both of these cases, the direction for the sale is solely to the executor, who elsewhere is empowered to sell at either public or private sale and without any order of court, and the duties of the appointed trustee commence only upon the receipt of proceeds of the sale of the land, relate only to the disposition of such proceeds, and continue only to the time when both beneficiaries attain the age of majority.
It would therefore seem apparent that no case was made authorizing action by the superior court of Monterey County under section 2289 of the Civil Code.
Respondent earnestly contends that the appellants are estopped from disputing the validity of the agreement of sale made by Gibson, by reason of the fact that after attaining majority they, apparently acquiescing therein, received and retained and still retain the proceeds of such agreement. This may be true, but, in our opinion, that question is not one to be determined in this proceeding. We are not here concerned *Page 218 
with any question as to the validity against them of the agreement made by Gibson, or as to the acts of the parties thereunder, but solely with the question as to whether there is an existing trust, for the proper administration of which it is necessary that a trustee should be appointed. If the acts and conduct of Sadie and Nannie Mayhew, the sole parties entitled under the will to receive the proceeds of the sale of said land, or the land itself in the event that no sale is made, have been such as to estop them from asserting the invalidity of the agreement for sale, appellants may doubtless have that fact adjudged in a proper proceeding, and obtain such relief against such beneficiaries as is appropriate. This proceeding was, necessarily, based entirely upon the theory that there was a trust for the sale of the land, created by the will, and the petition contained no allegation of any fact tending to create an estoppel as to the beneficiaries.
It may properly be suggested that, under the circumstances mentioned by respondent, we can see no reason why the respondent cannot have adequate remedy in the court having jurisdiction of the probate proceedings. The executor had the power under the will to sell this property for the sole benefit of Sadie and Nannie Mayhew, and, purporting to act thereunder, he made this sale to respondent. By reason of the statute (Code Civ. Proc., sec. 1561) the sale was ineffectual without confirmation by the superior court having jurisdiction of the estate, and it was the duty of the executor to make a return of such sale. This, so far, has not been done, but there is no reason why such a return should not still be made, and the court having jurisdiction of the estate has the power to require it to be made. (Code Civ. Proc., sec. 1575.) If the only persons interested in the proceeds of any sale of this property have so ratified the contract made by the executor as to estop them from disputing it, we can see no reason why the court could not, upon that ground alone, confirm the sale, and direct the execution of a conveyance upon a compliance by the purchaser with the terms of the contract. Certainly, under such circumstances, their objections would not be effectual to prevent a confirmation.
The order appealed from is reversed.
 Shaw, J., and Sloss, J., concurred. *Page 219