[S. F. No. 9998. In Bank.—November 8, 1921.]

In the Matter of the Estate of SILVIS H. CHEDA, Deceased. GEORGE A. CHEDA, etc., Appellant, v. ELENORE A. CHEDA, Respondent.

[1] APPEAL — CONTRACT BY DECEASED PERSON — PERFORMANCE BY EXECUTORS—APPEALABLE ORDER.—An order made under section 1597 et seq. of the Code of Civil Procedure directing the executors of a will to transfer and deliver to a third party certain assets of the estate, based on a contract for the sale thereof alleged to have been made by the testator, is an appealable order, although not specified as such in subdivision 3 of section 963 of the Code of Civil Procedure, specifying the probate judgments and orders from which an appeal may be taken.

[2] ESTATES OF DECEASED PERSONS — PROCEEDING FOR ENFORCEMENT OF CONTRACT—NATURE OF JUDGMENT.—The proceeding authorized by section 1597 of the Code of Civil Procedure is practically a proceeding in equity terminating in a final judgment having the full force and effect of a final judgment in an action for specific performance of a contract.

MOTION to dismiss an appeal. Denied.

The facts are stated in the opinion of the court.

Henry E. Greer and Thos. P. Boyd for Appellant.

Jos. K. Hawkins for Respondent.

THE COURT.—Motion to dismiss appeal from order on ground that the same is not an appealable order.

The order was one made by the superior court under section 1597 et seq. of the Code of Civil Procedure, directing the executors to transfer and deliver to a third party certain assets of the estate, being certain shares of bank stock. The application for the order and the order were based on a contract for the sale thereof alleged to have been made by the deceased.

[1] The claim that the order is nonappealable is based on the fact that such an order is not specified as an appealable order in the statute specifying the probate judgments and orders from which an appeal may be taken. (Code Civ.

Proc., subd. 3, sec. 963.)   If the order here were exclusively
a probate order there would be much force in the claim.
[2]   We are of opinion, however, that the proceeding author-
ized by section 1597 et seq. is in substance more than. this,
being practically a proceeding in equity terminating in a
final judgment, having the full force and effect of a final
judgment in an action for specific performance of a contract.
As such we deem the order made therein a final judgment,
appealable under subdivision 1 of section 963 of the Code
of Civil Procedure.

It was for this reason that the motion to dismiss the ap-
peal was denied from the bench.

Angellotti, C. J., Wilbur, J., Shaw, J., Sloane, J., Shurt-
leff, J., Lawlor, J., and Lennon, J., concurred.