[Civ. No. 3944. First Appellate District, Division One.—November 12, 1921.]

RICHMOND-CHASE COMPANY (a Corporation), Appellant, v. CHARLES SCHLESSINGER, Respondent.

[1] CONTRACT—SALE OF GROWING CROP BY EXECUTRIX—LACK OF CONFIRMATION—SUBSEQUENT SALE OF REAL PROPERTY—ASSUMPTION OF CONTRACT—ENFORCEABILITY.—A contract for the sale of a growing crop on real property belonging to the estate of a deceased person made by the executrix under the power given her by the will to sell any property without an order of court is enforceable against the subsequent purchaser of the real property who assumed and agreed to perform such contract, notwithstanding the sale of the crop was not returned and confirmed by the probate court, since the transaction between the purchaser of the real property and the executrix resulted in a contract made for the benefit of another.

APPEAL from a judgment of the Superior Court of Alameda County. A. F. St. Sure, Judge. Reversed.

The facts are stated in the opinion of the court.

Fry & Jenkins for Appellant.

Charles S. Wheeler and Charles S. Wheeler, Jr., for Respondent.

WASTE, P. J.—This is an appeal by the plaintiff from a judgment rendered in the lower court, after demurrer to the first count of plaintiff's complaint sustained without leave to amend.

It appears from the facts pleaded in the first count of the complaint that Mrs. Carrie Losse, as the executrix of the last will and testament of her husband, which gave her power to sell any property of the estate without first having obtained an order of court, entered into a contract with E. N. Richmond by which she sold, and Richmond bought, the entire prune crop then growing on the real property belonging to the estate. This sale was not reported to nor confirmed by the probate court, for the reason that shortly after executing the contract, the executrix received an offer in writing from the defendant to buy the real property, the

sale and purchase price to include the growing crops on the land, together with the existing contract for the sale of the 1919 prune crop to Richmond, which agreement the defendant assumed and agreed to perform in the place and stead of the executrix. This sale was confirmed by the probate court. Richmond thereafter assigned his contract to the plaintiff, which made demand upon the defendant for delivery of the crop, which was refused. Thereupon the plaintiff brought this action for damages alleged to have been sustained by reason of the refusal of the defendant to deliver the crop in accordance with the agreement entered into by the defendant and the executrix of the estate.

The complaint is in two counts. The first stated the facts in detail, and the second is a common count for money had and received. The defendant interposed a demurrer which was sustained as to the first count, on the ground of want of facts. In view of the ruling of the court, the plaintiff dismissed the second count, and upon this appeal relies upon the sufficiency of the facts alleged in the first count to constitute a cause of action.

The principal contention of the respondent in support of the ruling of the lower court, and one which no doubt greatly conduced to the action below, is that the attempted sale of the prune crop to appellant's assignor was void for the reason that, from a reading of the contract it is apparent that both the executrix· and the purchaser intended a present sale, and not a mere agreement to sell the crop, the intention being to then and there vest Richmond with the title, contrary to section 1561 of the Code of Civil Procedure, which requires confirmation by the court in order to pass title. The sale not having been reported to the court and confirmed, the contract was only an attempt to pass the title in a manner contrary to express law, and is a void transaction. At most, argues respondent, there was only an implied agreement to report the sale of the crop to the court for confirmation. No valuable consideration had passed. No equitable title had vested in the vendee. The transaction, so far as consummated, meant only that the purchaser was to get title to the prunes and pay the price in the event the court should confirm the sale. The confirmation therefore, would be a condition precedent to any obligation on the part of either the buyer or the seller. In its absence

no liability for breach of the contract would attach to either the executrix or to Richmond.

[1] Respondent's contention would impress us more strongly if we were dealing with a situation presented by a refusal of the executrix to carry out the contract with the purchaser of the crop. In such a case the sale would be ineffectual without confirmation, and the appellant's procedure would have been to apply to the court to require that a return be made. (*Bennallack* v. *Richards,* 125 Cal. 427, 433 [58 Pac. 65]; *In re Walker,* 149 Cal. 214, 218 [85 Pac. 310].) But we are not called upon to consider that situation. We are not now dealing with the case of an executrix, who, under such circumstances, may not bind either the estate or herself, without confirmation of her acts by the court, but with a situation presented by a party refusing to carry out a contract made for the benefit of another, the promisor being able to do so, and the contract one capable of exact performance. The sale by the executrix to Richmond was not invalid, but title to the property could not pass until confirmation had been had. The contract in the meantime would remain executory. In all other respects the agreement was attended with the same incidents, and should receive the same construction as a similar contract between any other vendor or vendee. (*Bennallack* v. *Richards, supra.*) There is no merit in respondent's theory that the executrix, even with the sanction of the court sitting in probate, could not sell or agree to sell the crop of prunes. It is well settled that crops, growing or to be grown, as well as other personal property, are subject to contract for, and to absolute sale. (*Jones* v. *California Growers & Shippers,* 182 Cal. 777, 778 [190 Pac. 172]; *Hamilton* v. *Klinke,* 42 Cal. App. 426 [183 Pac. 675, 677].)

It is alleged in the amended complaint, and on demurrer must be deemed to be true, that the agreement of the defendant to assume and perform the contract for the sale of the prunes to Richmond, in the place and stead of the executrix, was one of the considerations moving from the defendant to the executrix for the sale of the land. The written offer of the respondent to the executrix specified that "said sale and payment of the purchase price shall include also all growing crops on said land, together with

the existing contract for the sale of the 1919 prune crop to E. N. Richmond, which contract I assume and agree to perform in your place and stead.'' Therefore, whether or not the contract with Richmond had been reported to the probate court for confirmation was, and is, immaterial. The respondent accepted it as an existing obligation, and agreed to perform it. The sale of land and crop was confirmed to him, and he was thereby immediately placed in a position to do what he stipulated with both the executrix and the court he would do, as one of the impelling inducements and as a part of the consideration for the sale to himself. He no doubt considered it, at that time, to be to his` financial advantage to assume the contract. He should not now be allowed to avoid the performance of the obligation so readily assumed, upon the speculative theory that the court might or might not have approved the contract between the executrix and plaintiff's assignor.

The transaction between the respondent and the executrix of the estate resulted in a contract made for the benefit of Richmond, and not having been rescinded by the parties to it, he might maintain an action for the breach of the agreement. That right does not rest upon the ground of any actual or supposed relationship between the parties, as some of the earlier cases seem to indicate, but upon the broad and more satisfactory basis that the law operating upon the acts of the parties has created the duty, established a privity, and implies the promise and obligation on which this action is founded. (*Washer* v. *Independent Mining etc. Co.*, 142 Cal. 702, 708 [76 Pac. 654]; *Morgan* v. *Overman S. M. Co.*, 37 Cal. 534, 537; *Lewis* v. *Covillaud*, 21 Cal. 179, 189.) The right arising out of the obligation was the property of Richmond, and was capable of being transferred as such to his assignee. (Civ. Code, sec. 1458.)

We are therefore of the opinion that the first count of the complaint states a cause of action, and that the demurrer was improperly sustained. The judgment is reversed.

Richards, J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 12, 1921, and a

petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 9, 1922.

All the Justices concurred, except Waste, J., who did not vote.