[Civ. No. 3698.   Second Appellate District, Division Two.—March 24, 1922.]

## R. S. WILKINSON, Appellant, v. FISHERMAN'S & CANNER'S SUPPLY CO. et al., Respondents.

[1] SALES—BALANCE DUE ON AUTOTRUCK—DEPOSIT IN BANK—NOTIFICATION OF VENDOR—SUFFICIENCY OF TENDER.—In this action to recover the possession of an autotruck sold to defendant under a conditional sale contract, the finding of a sufficient tender of the balance due by deposit in a bank to the credit of the vendor and his immediate notification thereof is supported by the evidence, as is also the finding that the assignment of the contract was made subsequent to such deposit and notification.

[2] TENDER—GOLD COIN—WAIVER.—An objection that gold coin was not offered or exhibited in payment of an obligation is waived where not made at the time of tender.

APPEAL from a judgment of the Superior Court .of Los 'Angeles County. J. P. Wood, Judge. Affirmed.

The facts are stated in the opinion of the court.

S. C. Schaefer for Appellant.

Edward H. Bautzer and Kemp & Clewett for Respondents.

CRAIG, J.—The action is one in claim and delivery. of a Buick autotruck. The pleadings joined issue upon ownership and the right of possession. It appears without conflict that one J. A. Phillips, doing business under the name of San Pedro Garage, sold the truck to defendants under a conditional contract of sale. This contract provided for the final payment to become due on demand, which was made on the seventeenth day of April, 1920. The defendants then entered into an agreement 'with Phillips whereby they paid him part of this final payment and the time for payment of the balance was extended to the 17th or 18th of May, 1920. The court found that on the 18th of May defendants were ready, willing, and able to pay and then offered the amount remaining due to Phillips, and later, on the same day, deposited the said sum to the credit of Phillips in the First National Bank of San Pedro; that Phillips retained this deposit; that subsequent to the deposit having been made and notice thereof to Phillips the contract of sale was assigned by Phillips to Schaefer for collection and then assigned by Schaefer to Wilkinson. The court further found the value of the use of the truck to be $350 and the value of the truck itself to be $750 and that the defendant was entitled to receive the return of the truck or its value, and rendered judgment accordingly.

Appellant's brief fails to point out except in the most indefinite manner the issues involved or to indicate grounds relied upon for a reversal. It does appear, however, that the claim is made that from the evidence presented the trial court should not have found that the defendant made a

legal tender of the balance due under the contract. It is unnecessary to give space to a consideration as to whether or not the tender should have been made on the 17th or the 18th of May.

On April 17th Phillips extended the time for payment of the balance then due and thus waived the provision that time was of the essence of the contract. (*Muncy* v. *Brain,* 158 Cal. 300 [110 Pac. 945].) The single question, therefore, to be decided is, Did the evidence justify the finding of the court that "on said eighteenth day of May, 1920, the said defendant, Fisherman's & Canner's Supply Company, offered to pay to said J. A. Phillips the balance of the purchase price of said automobile and did on said eighteenth day of May, 1920, deposit the balance of the purchase price of said automobile as provided for in said contract in the First National Bank of San Pedro to the credit of the said J. A. Phillips doing business under the name of said San Pedro Garage and that said money so deposited by said defendant was accepted and retained by the said J. A. Phillips doing business under said name, and that after the offer by said defendant to pay the balance of said purchase price and after the deposit of said money in the bank to the credit of the said J. A. Phillips doing business under said name and after he had received notice of said deposit, the said J. A. Phillips attempted to assign said contract to S. C. Schaefer who thereafter purported and attempted to assign the same to plaintiff but that at the time of said attempted assignment by the said Phillips, all payments provided for in said contract had been fully paid"? [1] If there is substantial evidence to support the essential facts contained in the above finding, we will not concern ourselves with weighing it as against other evidence to the contrary. It was amply established that on May 18, 1920, the defendant offered to both Phillips and Schaefer, who was then acting as Phillips' attorney, a check for the principal and interest and the additional sum of $25. There was testimony that both refused and demanded $100 in addition to principal and interest. No money was exhibited at the time the offers were made, but in refusing the check Schaefer said the truck was his and defendant would have to buy it. The refusal to take the check as payment was not placed upon the ground that it was not legal

tender. Immediately following this conversation and on the 18th of May, 1920, the defendant deposited $191.28 to the credit of J. A. Phillips in the First National Bank of San Pedro and informed him that the money had been placed there to his credit. Phillips assigned his interest in the contract to Schaefer. The court's finding that this assignment took place after the deposit of the money in the bank and notice thereof to Phillips is sustained by the testimony of Phillips that the contract was assigned on the same day the deposit in the bank was made of Schaefer's check and the testimony of an official of the bank and its records introduced in evidence which showed that this deposit may have been made as late as the 20th of May, 1920, two days after the offer of payment and the deposit of the check and notice of its deposit to Phillips. At least it cannot be said that the trial court did not have the right to make such an inference from this witness' testimony which established that Schaefer had an account in the First National Bank of San Pedro; that his check was drawn on this bank; that it did not go through the clearing-house; that it would be stamped paid on the date that it was deposited; that it was stamped paid on the 20th of May. And Phillips testified that he deposited it on the date which he received it. One provision of the contract of sale was, "In case suit is brought to recover either the property or any unpaid balance due on this agreement, the second party promises to pay the additional sum of $100 as and for attorney's fees." Suit not having been begun at the time plaintiff's predecessor in interest demanded the $100 attorney's fees thus stipulated to be paid should suit be brought, the offer of defendant to pay principal and interest and $25 was more than sufficient as to the amount. It was made in time. **[2]** Objection cannot now be taken to it because gold coin was not offered or exhibited as the failure to object on that ground was waived by the fact that such objection was not made at the time of the offer of payment. (Civ. Code, sec. 1500; *In re Estate of Pearson*, 102 Cal. 569 [36 Pac. 934]; *Green* v. *Barney*, 4 Cal. Unrep. 665 [36 Pac. 1026].) The testimony was conflicting as to when defendant received notice of the assignment to Schaefer, but, as we have shown, it amply supports the court's finding that it was subsequent to the deposit in the bank to Phillips'

credit. Having made a sufficient offer of payment and having affirmative notice from Phillips as late as the evening of the 18th that he still owned the contract, defendant's deposit in the First National Bank of San Pedro of an amount large enough to pay plaintiff's legal claims accompanied by notice to Phillips and Schaefer of the fact of the deposit extinguished the obligation. (Civ. Code, sec. 1500.) Appellant cites *Owen* v. *Herzihoff*, 2 Cal. App. 622 [84 Pac. 274], as holding to the contrary of this last proposition. But in that case there was no evidence that the payee was given notice that the deposit had been made or that he availed himself thereof. In the instant case the testimony is undisputed that notice of the deposit was immediately given to Phillips and Schaefer, and the witness Anderson, testifying from the records of the bank, showed that the deposit was made by defendant to the credit of Phillips and that his balance had subsequently twice been less than $191.28, hence he had used some of this money and accepted the deposit. A legal tender was made to Schaefer on the 18th and it is of no moment whether he then acted only as attorney for Phillips or was himself the owner of the contract by assignment. Schaefer admittedly did not assign to plaintiff, Wilkinson, until the 19th, so that his rights are only such as Schaefer possessed.

Judgment affirmed.

Finlayson, P. J., and Works, J., concurred.