[Civ. No. 4540. First Appellate District, Division One.—July 27, 1923.]

In the Matter of the Estate of JOHN P. BACKESTO, Deceased.

[1] VENDOR AND VENDEE—JUDICIAL SALES—CAVEAT EMPTOR—DEED.— A sale is not, properly speaking, a judicial sale unless it is made upon express order of the court having jurisdiction of the subject matter of the sale, and which it directs to be sold for the purpose of carrying its judgment into effect, or of directing disposition of its proceeds; and under such a sale the doctrine of *caveat emptor* requires the purchaser to avail himself of all the means of information at hand to ascertain the quality of the property and the character and extent of the title, and the deed of an administrator is in the nature of a mere quitclaim.

[2] ID.—SALE UNDER MANDATORY DIRECTIONS IN WILL—RIGHTS OF PURCHASER.—A sale of property made under the express and mandatory directions contained in a will is not a judicial sale; and while it is essential that the will shall have been admitted to probate before the power can have any validity, in all other respects the contract of purchase and sale between the executor and his vendee stands on the same basis or footing as an ordinary contract *inter vivos* and it is attended with the same incidents and subject to the same construction as similar contracts between any other vendor and vendee.

[3] ID.—SALES INTER VIVOS—TITLE—IMPLIED CONDITION.—In executory contracts of sale of land between parties *inter vivos* there is an implied condition that the title of the vendor is good, and that he will transfer to the vendee by his deed of conveyance a title that is unencumbered; and until such a deed is tendered the purchaser is not compelled to accept it or complete his purchase.

[4] ID.—TAXES—ENCUMBRANCE—DUTY OF PAYING.—A tax or assessment impressed by lawful authority constitutes an encumbrance upon the title to land; and, primarily, the duty of paying taxes rests upon the person who holds the legal title. A vendee prior to conveyance, in the absence of any agreement to the contrary, is not responsible for them.

[5] ID.—TAXES—WHEN LIEN ATTACHES.—In this state the time when taxes shall attach as a lien upon property is fixed by statute as of a certain day in the year, and when the amount of tax is ascertained it relates back to the time so fixed.

[6] ID.—SALE UNDER WILL—TENDER OF PURCHASE PRICE—REFUSAL TO PAY TAXES—VOID PROBATE ORDER.—Where a sale is made under the express and mandatory directions contained in a will, the vendee is under no obligation to pay the purchase money except upon the tender of a good and sufficient deed free from all encumbrances; and where the unpaid purchase price under such a sale is tendered in open court, but the administrator refuses to accept the same and deliver a conveyance of the property except upon the express condition that the deed should be subject to the taxes and also upon the further condition that the vendee waive any appeal involving the question, to which conditions the vendee refuses to consent, the probate court is without authority to adjudge the purchaser in default and its action in setting aside a prior order confirming the sale is without authority.

[7] ID.—EXECUTION OF CONVEYANCE—POWER OF PROBATE COURT.—Pending administration of estates the probate court has full and plenary power to direct the execution of a conveyance upon compliance by a purchaser with the terms of his contract; and the purchaser is not relegated to his relief in a civil action.

[8] ID.—ADMINISTRATOR WITH WILL ANNEXED—POWER TO SELL.—An administrator with the will annexed has full power to carry out the imperative mandate to the executor named in the will to sell.

[9] ID.—ORDER VOIDING SALE—APPEAL.—An order declaring the purchaser at a sale held pursuant to the express and mandatory directions contained in a will in default and setting aside a prior order confirming such sale is appealable.

APPEAL from an order of the Superior Court of Santa Clara County setting aside a probate sale of real property. P. F. Gosbey, Judge. Reversed.

The facts are stated in the opinion of the court.

Haines & Haines and D. M. Burnett for Appellant.

Ralph C. McComish and D. T. Jenkins for Respondent.

TYLER, P. J.—This is an appeal from an order setting aside a sale of real property in the above-entitled estate.

The sale was made by the administrator with the will annexed under the mandatory directions contained in the will of John P. Backesto, deceased, which provided that within one year after the death of his wife his property should be sold and the proceeds divided among certain heirs. Upon the happening of this event proceedings were instituted to carry out the testator's direction. The sale of the property in question was made to appellant, John Engebretson, April 26, 1922, for the sum of sixty-four thousand dollars. A deposit of six thousand five hundred dollars was made with the bid, leaving a balance of fifty-seven thousand five hundred dollars to be paid upon the approval of the sale and delivery of a deed. Thereafter, on the twenty-eighth day of April, 1922, the administrator filed his return. Upon the day fixed for the hearing thereof it appeared that the sale was legally made and fairly conducted and the same was confirmed. Thereafter a controversy arose between the purchaser and the administrator over the question whether certain taxes should be paid by the administrator out of the proceeds of the sale, or whether the purchaser should accept a conveyance subject to this charge. The parties being unable to settle their differences, the purchaser, appellant herein, filed in the estate a petition praying for

leave to deposit the sum of fifty-seven thousand five hundred dollars, the balance of the purchase price, in court, and for an order directing the administrator to deliver his deed and that he be required to pay the taxes when due and payable out of the purchase price and for such other and general relief as might be found just and equitable. To this petition the administrator filed an answer and prayed that the petition be denied and for an order that the sale be set aside. The purchaser filed his objections to this petition and again offered to pay the balance of the purchase price in full, so that the estate might have the use of the same, and asked that the question as to the payment of taxes be reserved for future consideration and determination by the court.

Upon the hearing of these motions the petitions of the purchaser that he be permitted to pay the balance of the purchase price into court and that the administrator deliver his conveyance and pay the taxes were denied, and the petition of the administrator to set aside the order of sale was granted, and a resale of the property was ordered. In setting aside this order the court proceeded upon the theory that the sale was a judicial one and that the purchaser took title to the property with its infirmities and the administrator was not therefore required to give a warranty of title as the rule of *caveat emptor* applied.

Upon the question of taxes, it appears from the record that at the date of the sale there had accrued tax liens upon the property as follows: Taxes due the city of San Diego, which under its freeholders' charter became a lien on January 1, 1922, and would become due and payable on the first Monday of June following; and state and county taxes which became a lien on the first Monday in March, 1922, by virtue of section 3718 of the Political Code, and which would become due and payable on the third Monday in October, 1922.

The main question here presented is whether or not the sale was judicial in character. [1] A sale is not, properly speaking, a judicial one unless it is made upon express order of the court having jurisdiction of the subject matter of the sale, and which it directs to be sold for the purpose of carrying its judgment into effect, or of directing a disposition of its proceeds. (Freeman on Void Judicial Sales, sec. 1; *Holleck* v. *Guy*, 9 Cal. 181 [70 Am. Dec. 643]; 24

Cyc. 6.) Under such a sale the doctrine of *caveat emptor* requires the purchaser to avail himself of all the means of information at hand to ascertain the quality of the property and the character and extent of the title and the deed of an administrator is in the nature of a mere quitclaim. (*Miller & Lux* v. *Gray*, 136 Cal. 261 [68 Pac. 770].) **[2]** Here, however, the sale was not made under order of the court, but it was made under the express and mandatory directions contained in the will of the deceased. It has been expressly held in this state that a sale made under these circumstances is not a judicial one, and that the statutory requirement that no title shall pass until the sale be confirmed does not give to it the incidents of a judicial sale. While it is essential that the will shall have been admitted to probate before the power can have any validity, in all other respects the contract of purchase and sale between the executor and his vendee stands on the same basis or footing as an ordinary contract *inter vivos* and it is attended with the same incidents and subject to the same construction as similar contracts between any other vendor and vendee. (*In re Pearsons' Estate*, 98 Cal. 603, 612 [33 Pac. 451]; Id., 102 Cal. 569 [36 Pac. 934]; *Estate of Robinson*, 142 Cal. 152 [75 Pac. 777].) This being so, the reciprocal obligations of the administrator to convey title and the purchaser to pay the purchase price are governed by the same rules that apply to vendor and vendee generally. **[3]** In executory contracts of sale of land between such parties there is an implied condition that the title of the vendor is good, and that he will transfer to the vendee by his deed of conveyance one that is unencumbered. (*Crim* v. *Umbsen*, 155 Cal. 697 [132 Am. St. Rep. 127, 103 Pac. 178]; *Wilcox* v. *Lattin*, 93 Cal. 588 [29 Pac. 226].) Until such a deed is tendered the purchaser is not compelled to accept it or complete his purchase. (*Smiddy* v. *Grafton*, 163 Cal. 16 [Ann. Cas. 1913E, 921, 124 Pac. 433].) **[4]** A tax or assessment impressed by lawful authority constitutes an encumbrance upon the title to land. (Civ. Code, sec. 1114.) Primarily the duty of paying taxes rests upon the person who holds the legal title. A vendee prior to conveyance, in the absence of an agreement to the contrary, is not responsible for them. The subject is usually made the matter of special stipulation in agreements for conveyances, but in the ab-

sence thereof it is a duty incumbent on the vendor to pay
them' in order to keep good his covenant to convey a valid
title. **[5]** It is suggested by respondent that as the amount
of the tax had not been ascertained or determined it could
not form or create the basis of a lien. In this state the
time when taxes shall attach as a lien upon property is
fixed by statute as of a certain day in the year, and when
the amount is ascertained it relates back to the time so
fixed. The taxes were therefore a charge against the prop-
erty. (*Reeve* v. *Kennedy,* 43 Cal. 643.) **[6]** Since the
vendee was under no obligation to pay the purchase money
except upon the tender of a good and sufficient deed free
from all encumbrances it follows that the court below was
without authority to adjudge the purchaser in default and
its action in setting aside the order confirming the sale was
without authority. The evidence upon this subject shows
without conflict that the unpaid purchase price was tendered
in open court and that the administrator refused to accept
the same and deliver a conveyance of the property except
upon the express condition that the deed should be subject
to the taxes and also upon the further condition that ap-
pellant would waive any appeal involving the question. The
effort of the administrator to compel the purchaser to
abandon his rights at the peril of having the sale set aside
was upheld by the court and wrongfully so. The vendee
being at all times ready and willing to perform his contract,
he had the right to demand that the matter of the payment
of the taxes be adjusted in such manner as would protect
him against the liens incident thereto. (*Grant* v. *Beronio,*
97 Cal. 498 [32 Pac. 556].) This is all that appellant was
demanding under his petitions.

**[7]** Respondent advances the argument that even assum-
ing that the sale was not a judicial one, the court had no
jurisdiction to compel performance, and that the purchaser,
therefore, was relegated to his relief in a civil action. Pend-
ing administration of estates the probate court has full and
plenary power to direct the execution of a conveyance upon
compliance by a purchaser with the terms of his contract.
(*In re Walker,* 149 Cal. 214 [85 Pac. 310].)

**[8]** The further argument is made in support of the
contention that the sale was a judicial one, that under the
statute an administrator with the will annexed has no power

to carry out the imperative mandate to an executor named in the will to sell, for which reason it is claimed the sale must of necessity be a judicial one. In support of this position it is argued that section 1561 of the Code of Civil Procedure, providing for sales by executors, as modified in 1880, amended section 1356 of the same code by implication so as to take away this power from any administrator *cum testamento annexo*. There is no merit in this position. As stated by counsel for appellant, the obvious reason for the elimination from that section of the express mention of an administrator with the will annexed was that such portion of the section was mere surplusage in view of the positive and express provisions of section 1356 clothing such an administrator with all the powers of an executor. **[9]** Equally without merit is the claim that the order denying appellant's petition is not appealable. The statute · expressly authorizes appeals "from a judgment or order . . . against or in favor of directing the . . . sale or conveyance of real property" (Code Civ. Proc., sec. 963, subd. 3), and this in substance is the nature of the appeal in question. (*Estate of Corwin*, 61 Cal. 160; *Estate of Cheda*, 187 Cal. 322 [202 Pac. 133]; *Estate of Pearsons*, 102 Cal. 569 [36 Pac. 934].) The same may be said of the contention that no valid appeal is here presented for the reason that it is directed against an order which the court had no jurisdiction to make. In this connection it appears from the record that when the different petitions were presented to the court for hearing, the judge thereof indicated that he would set aside the sale unless the parties came to some agreement. This hearing was had on June 9, 1922, and the court in its desire to see the matter amicably arranged suggested that it go over for two weeks and in the meantime requested that orders be prepared for signature. The clerk of the court entered in his rough minutes as of the 10th of June, 1922, that the order of sale had been set aside. Two weeks thereafter and on June 23, 1922, the parties again appeared in court and, having failed to settle their differences, the court then signed the order setting aside the order confirming the sale. Under these circumstances, respondent claims that the entry by the clerk of June 10th deprived the court of jurisdiction to make the orders which his counsel prepared for signature. We are cited to the case of *Tracy* v. *Coffey*, 153 Cal. 356

[95 Pac. 150], as supporting this contention. It is there held that section 1704 of the Code of Civil Procedure requires orders in probate to be entered in the minute-book of the court and that it is the order there entered, and not a separate paper signed by the judge purporting to embody the terms of the order, that is the order of the court, and it is the date of the entry of this order which sets the time running for an appeal. Since that decision was rendered section 1704 of the code has been amended (Stats. 1921, c. 112, p. 105). The amendment permits orders to be either entered in the minute-book or to be signed and filed. It is perfectly manifest that while the judge expressed his opinion and his determination to set the order confirming the sale aside at the original hearing, that the real order was made on the day of the second hearing and when the order was signed. Aside from this we are of the opinion that the objection is frivolous. The notices of appeal were filed and served on August 7, 1922. Whether the appeal was taken from the one entered on the tenth day of June or from the one signed on the twenty-third is of no consequence, for in either event the appeal was taken in time and the notice of appeal is from all matters involved in the order setting aside the sale and it refers to both orders.

We are asked to direct the court below to make certain directions following the reversal of the order vacating the sale. We do not deem it necessary to so direct the court.

The order vacating the sale is reversed. The order denying the appellant's petition for performance of the administrator's agreement is also reversed.

St. Sure, J., and Richards, J., concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 24, 1923.