RICHARD WEBSTER

*v.*

PHILIP CONLEY.

1. LEASE—*executed by a guardian—no implied covenants in.* A as the guardian of B executed a lease of certain premises to C and afterwards A was removed and one D appointed in his stead, who evicted C from the premises, and thereupon C brought an action of covenant against A on the words, " demised and leased" contained in the lease: *Held*, that in such a lease there are no implied

covenants; and there being no express covenants contained in the lease, A. could not be held liable.

2. DEEDS—*by officers and agents of the law—where there are no express covenants— not liable.* Where a deed is made by an officer or agent of the law, which contains no express covenants, and which simply purports to be, and is, but the mere execution of a power conferred by statute, and in which the grantor does not assume to have, or convey, any title of his own, no implied covenant arises upon which such officer or agent can be held liable.

APPEAL from the Superior Court of Chicago.

The opinion states the case.

Messrs. WILLIAMS & THOMPSON, for the appellant.

Messrs. BARKER & TULEY, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of covenant, brought by Richard Webster, in the Superior Court of Chicago, against Philip Conley, on the words "demised and leased," which were contained in a lease. The facts as averred in the declaration substantially are, that appellee was the sole guardian of an infant, Alice Radin, who owned the premises; appellee, as such guardian, leased the premises to appellant, the mother of the infant joining in the lease, for the term of five years; that the lease was never approved by the Judge of the County Court; that some two years after appellant had taken possession and made improvements thereon, appellee was removed from his guardianship, and one Sherlock was appointed in his place; that Sherlock evicted appellant, and gave him a new lease at a largely increased rent; and damages are claimed for the injury sustained by the breach of the covenant, and it is insisted that they are the difference between the rent reserved by the original lease and the yearly value of the premises at the time of the eviction.

Appellee filed a number of pleas, to a portion of which appellant demurred. The demurrer was overruled by the court, to the 6th, 7th and 8th pleas, and appellant not having replied to them, the court rendered judgment in bar of the action; which is assigned for error. These pleas, in substance, presented the same defense. After reciting the facts contained in the declaration, they averred that at the time the lease was executed, appellant knew "that said. Alice was the owner of said premises, and entitled to the rents and profits thereof; that defendant in making the indentures acted solely as such guardian, and not in any way or manner for himself; and that the indentures were never approved by, or made under the direction of, the Judge of the County Court." Do these facts, as admitted by the demurrer, constitute a defense?

By the 134th section of the statute of Wills, executors and guardians are authorized to mortgage or lease real estate, but such mortgage or lease is not permitted for a longer term than until the minor shall arrive at age. And the 135th section declares, that before any such mortgage or lease shall be made as aforesaid, the executor or guardian shall petition the court of probate for an order authorizing such mortgage or lease to be made, and which the court may grant if the interest of the estate shall so require. It also declares that the executor or guardian upon obtaining such order, shall enter into bond with good security, for the faithful application of the money. And the 8th section of the guardian Act also declares that guardians shall have power to lease the real estate of the ward upon such terms and for such length of time as the court of probate shall direct; provided such leasing shall never be longer than during the minority of the ward; and the minority of females is declared to cease at the age of eighteen years. There is no pretense that the lease under consideration was executed under these statutory provisions. It must, therefore, with all its provisons be governed by the common law. Then what was its force, if it had any, at common law?

A guardian at the common law, except in chivalry, had no power to lease the real estate of the ward, and that species of guardianship is unknown to our law. In the case of *Roe dem. Parry* v. *Hodgson*, 2 Wils. 129 and 135, it was held that a lease made by a guardian, running beyond the minority of the ward, was void. Again, the case of *Knipe* v. *Palmer*, 2 Wils. 130, holds that covenant on a lease made by the committee of a lunatic, will not lie, because such committee cannot make such a lease at law; " that the lease was void, for the committee had no power to make the lease." And the court also held that " all the covenants in this case run with the land, and the deed being void all of the covenants fall to the ground "; also that the committee had an authority only, but not coupled with an interest. In that case, as in this, it was urged, that as that was an action of covenant, and was founded in contract, the action lay whether the plaintiff had anything in the land or not, and it might be good as a contract although the lease be bad, and authorities were cited in support of the position. But Chief Justice WILLES replied, that the authority referred to in that case was where the covenant was collateral to the land; and all the covenants in the case at bar, were such as run with the land. In delivering his opinion, he further said : " I think the lease is void; a covenant in a lease to do a collateral thing might bind, though the party had no power to make a lease." CLIVE, Justice, said, that the lease was certainly void, and as all the covenants run with the land, the lease being void the covenants fell to the ground. Thus it is seen, in both classes of cases, the lease was held to be void.

Even if express covenants could be regarded as binding in such cases, we are at a loss to perceive how implied covenants can have that effect. The lease being made without authority, and both parties being presumed to know the law, we can hardly suppose that it was understood by them that appellee warranted the title, or that he had legal authority to make the lease. If such had been their intention, express covenants

would have, most probably, been inserted. Sheriffs, masters in chancery, executors, administrators, and other agents of the law, are almost, as a matter of necessity, compelled, in executing their duty in conveying lands, to use terms which imply covenants for title when used in a deed of conveyance by a private individual. In such cases, it would be unreasonable to hold that such officers and agents of the law were liable on implied covenants. The operative words of conveyance prescribed in a sheriff's deed, are such as would imply a covenant in the deed of a private individual.

In the case of *Dow* v. *Lewis*, 4 Gray 473, it was held, that in a feoffment at common law, the word *dedi* implied, in the absence of express covenants, a warranty during the life of the grantor. The Court say: "But we know of no authority or sound reason for extending this technical rule to an instrument which purports to be, and is, but the execution of a power given by statute, and in which the grantor neither assumes to have, nor to convey, any estate or interest of his own." Nor do we see any sound reason why a guardian, attempting to exercise a mere naked statutory power of leasing the property of his ward, or in attempting to lease it without power, should be held liable on implied covenants, in a void lease. As the British Court said, "when the lease is void, the implied covenants, at least, must fall to the ground." And the same would no doubt be true in case the title failed, even where the lease was authorized and approved by the probate court. We, for these reasons, are of the opinion that the judgment of the court below must be affirmed.

*Judgment affirmed.*