[No. 8,964. Department One.—March 3, 1885.]

WILLIAM DOOLAN, Administrator of the Estate of Mary A. Greenwood, Deceased, Respondent, *v.* CHAS. McCAULEY et al., Appellants.

Estate of Decedent—Lease by Administrator.—The administrator of the estate of a deceased person has authority to lease the real property of the estate during the period of administration; any lease for a definite term being subject to termination by final distribution of the estate, and the discharge of the administrator.

Landlord and Tenant—Parol Lease for More Than One Year—Adverse Possession.—A tenant in possession under a parol lease for a longer period than one year, the conditions of which have been fully performed by the lessor, is presumed to hold in subordination to his landlord's title, and not adversely.

Appeal from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

Action of ejectment. Mary A. Greenwood was, in her life-time, the owner of the premises in controversy. In 1861, she gave to the defendant a written lease thereof for five years. The lease provided that upon the expiration thereof, the lessor might have the right to purchase the improvements placed thereon by the lessee at an appraised valuation, or if she did not so purchase, that they might be removed by the lessee. The defendant entered upon the premises under this lease, and occupied them until the commencement of the present action. Upon the expiration of the lease, an agreement was entered into between Brumagim, administrator of Mary A. Greenwood, and the defendant, that the improvements should be considered worth $1200, and that defendant should occupy the premises at a monthly rental of $10, until the amount was paid, and then deliver up possession to the administrator. The further facts are stated in the opinion of the court.

*Tyler* v. *Tyler*, for Appellants.

*J. W. Carter*, for Respondent.

The COURT.—The administrator of the estate of Mary Ann Greenwood, deceased, had authority to lease the real property of her estate during the period of administration, any lease for a term definite being subject to be terminated by final distribution of the estate, and the discharge of the administrator. The testimony of the witness Brumagim, administrator—the truth of which is assumed by the finding against the defendant upon the plea of the statute of limitations—was to the effect that it was agreed between him and McCauley that the latter should occupy the premises for ten years, at the rate of ten dollars a month, each month's rent to be credited upon the sum of $1200, the estimated value of certain improvements placed upon the property by McCauley, and which, by the conditions of the prior lease, he would have the right to remove. The contract between the administrator and McCauley would not have been enforceable as a lease for a longer period than one year. But the latter continued to occupy for the full period of ten years, undisturbed by the representative of the estate, or by any other person. The estate was still in course of administration when

the present action was brought by the administrator. Can Mc-Cauley, or his representative, after the contract between the administrator and McCauley has been fully executed, and the latter has been paid for his improvements, according to the terms of the contract, now say that during any portion of the ten years he was holding adversely? If, instead of having agreed to apply the rent upon the $1200 until that sum was exhausted, he had agreed to pay ten dollars a month, and had, in fact, continued to pay ten dollars a month for ten years, could he, at the expiration of the ten years, claim that he had been holding adversely? The existence of the contract being conceded, the presumption is that he occupied in accordance with its terms. This is not presuming that his possession was the landlord's possession more than five years after the expiration of the lease, in disregard of the statute. (C. C. P., § 326.) It is a presumption that one who has had the benefit of a contract has complied with his part of it. Thus presuming, McCauley paid the last month's rent in May, 1876. The present action was brought in November, 1877. The court was, therefore, justified in finding as it did on the issue as to the statute of limitations.

Judgment and order affirmed.