[Sac. No. 878.   Department Two.—April 12, 1902.]

MILLER & LUX, Respondent, v. W. W. GRAY, Appellant.

ESTATES OF DECEASED PERSONS—LEASE BY ADMINISTRATOR.—A lease by an administrator depends upon the sufficiency of the title of the estate of the decedent, and, like his deed of the estate, is in the nature of a mere quitclaim, to which the doctrine of *caveat emptor* applies.

ID.—QUIET ENJOYMENT—COVENANT NOT IMPLIED.—No covenant of quiet enjoyment is implied in a lease by an administrator or guardian.

ID.—LEASE SUBJECT TO FORECLOSURE SALE—LOSS OF TITLE—RENT PAID NOT RECOVERABLE.—A lease of an entire tract by an administrator made after the foreclosure of a mortgage and a sale thereunder of one half of the tract is subject to the foreclosure sale and to the title acquired thereunder; and where both parties to the lease agreed that it should cover the entire tract, the lessee took the lease at his peril, and he cannot, after loss of title to one half the tract by sheriff's deed, recover back from the estate any portion of the rent paid under such lease.

ID.—ACTION FOR MONEY HAD AND RECEIVED—ASSIGNMENT—TITLE OF VENDEE.—An assignee of a surviving partner of a firm which was the lessee of the administrator, who was also assignee of the rights acquired by the vendee under the foreclosure sale and deed, cannot maintain an action in either of such rights to recover rent paid to the administrator as money had and received for the use either of the lessee or of the vendee.

---

[1] 29 Am. St. Rep. 143.

ID.—RIGHTS OF VENDEE—DOUBLE RENT.—The lease by the administrator
   to the partnership firm did not bind the vendee of the title, and
   such vendee had only the right of recourse against the tenant under
   the administrator's lease for the rent of one half the tract; and if
   he were thereby required to pay double rent, it is only such hard-
   ship as follows any person who deals heedlessly with an adminis-
   trator of limited powers, under the doctrine of *caveat emptor.*

APPEAL from an order of the Superior Court of Merced
County denying a new trial. W. M. Conley, Judge.

The facts are stated in the opinion of the court.

J. F. Peck, and F. H. Farrar, for Appellant.

J. W. Knox, and Isaac Frohman, for Respondent.

HENSHAW, J.—The complaint in this action charged in
two counts. In the first, plaintiff, as assignee of Henry
Miller, the surviving partner of the firm of Miller & Lux,
sued to recover from defendant the sum of $958, as money
had and received by the defendant from Henry Miller. In
the second count, plaintiff sued as the assignee of the Merced
Security Savings Bank for the same amount of money, as
money had and received by defendant for the use and benefit
of the bank.

The facts are that the defendant, herein sued in his indi-
vidual capacity, was and is the administrator of the estate of
William C. Turner, deceased. As part of the estate of the
deceased there came into his possession a tract of 6,500 acres
of grazing land, which at the time was under lease to Miller
& Lux. About one half of this land was under mortgage to
the Security Savings Bank. The mortgage had been fore-
closed, the bank had become the purchaser at the sale, and
the certificate of sale had issued to it. This was in the spring
of 1896. The Miller & Lux lease would expire upon Septem-
ber 6, 1896, and, desiring to renew the lease, Mr. Miller, as
surviving partner of the firm, entered into negotiations with
Mr. Gray, as administrator of the estate of Turner, for that
purpose. Mr. Miller was informed and knew of the fore-
closure and the sale affecting about one half of the tract, was
told by the administrator, or by his attorney, that because of
certain alleged irregularities in the foreclosure proceedings

the administrator contended that the foreclosure decree and sale were inoperative to divest the estate's title, but that, in any event, the administrator would not lease a portion of the tract, but would lease all or none of it. Mr. Miller agreed to these terms, under the assurance, as he testifies, made to him by Mr. Gray, that ''the money received from rent was not to be used; it was to be kept to be paid over finally to the proper authority.'' A lease was thus made by the administrator for an annual rental of two thousand dollars. Its term began on September 6, 1896. Upon September 7th, the following day, the bank became entitled to its deed under the foreclosure proceeding, and in fact received this deed on September 11, 1896. The first year's rent was paid September 16, 1896. The claim for money had and received covers such proportion of the year's rent as the mortgaged piece of land bears to the whole tract. The court found against the first cause of action, that upon the assigned claim of Miller, the lessee, but found in favor of the second cause of action; or, in other words, determined that under the facts the Merced bank was entitled to recover from Gray this portion of the rent.

The court having found against the claim of Miller, there is left the single question of the bank's right of recovery under the facts as stated, and there must be rejected from consideration any right of action which Miller might possibly have for misrepresentation, failure of title or consideration, and the like. Epitomized, the facts are, then, that Gray, as administrator, leased the whole tract of land, under claim of title in the estate of his deceased, to a lessee who took with knowledge of the foreclosure proceedings, of the fact that the bank held a certificate of sale of part of the tract, but who relied,—1. Upon the assurance of the administrator that his estate still owned the property; and 2. Upon the declaration of the administrator that he would lease all of the land or none. There should be mentioned the added fact that the lessee himself did not care for a lease of a portion of the tract, as that would have been unavailable for his grazing purposes. He too wanted a lease of all or none.

It is well settled that an administrator in making sales of real estate is the mere instrument of the law to transfer such title, and only such title as is held by the estate. His

deed is in fact but a quitclaim deed, and so it is uniformly held touching such sales that the doctrine of *caveat emptor* applies. (*Jones* v. *Warnock,* 67 Ga. 484; *Headrick* v. *Yount,* 22 Kan. 243; *Bond* v. *Ramsay,* 89 Ill., 33; 1 Warvelle on Vendors, p. 89; Woerner on Administration, p. 1077.) The same principle applies in case of lease. It is but an estate for years, carved out of and dependent upon the sufficiency of the title of the larger estate of the deceased. In this respect there is no distinction between a lease by an administrator and lease by a guardian; and it is uniformly held that a guardian's lease does not imply any covenant of quiet enjoyment. (*Webster* v. *Conley,* 46 Ill. 13.[1]) Moreover, an administrator cannot contract so as to make his estate liable, except as authorized by statute. (*Sterrett* v. *Barker,* 119 Cal. 492.) Gray, as administrator, had the power to make this lease (*Doolan* v. *McCauley,* 66 Cal. 476), but in leasing he carved out an estate for years from such title and interest only as were in the estate of Turner. The rent was paid under this lease, to which in no sense was the bank a privy. There was not the slightest pretense that the administrator was leasing in subordination to the bank's rights. He was leasing in declared hostility to such rights, and leasing only such estate, much or little, as Turner had possessed. The lessee, therefore, takes such a lease at his peril. The rent flowing from such a lease belongs to the estate which the administrator represents. As the lease did not purport to, and could not, have bound the bank, the bank had full recourse against the tenant under the administrator's lease, and while the hardship may be admitted of the eviction of a tenant under such circumstances, or of the compulsion upon him to pay double rent, it is the same hardship that follows any person who, ill advised, deals heedlessly with one of limited powers, as to whose dealings the doctrine of *caveat emptor* applies.

The order denying a new trial is therefore reversed.

Temple, J., and McFarland, J., concurred.

Hearing in Bank denied.

[1] 92 Am. Dec. 234.