[S. F. No. 6062. In Bank.—March 22, 1912.]

In the Matter of the Estate of SAMUEL M. WEST, Deceased.

APPEAL IN PROBATE—ORDER SETTING ASIDE ORDER CONFIRMING SALE OF LAND IS APPEALABLE.—An order setting aside a prior order confirming the sale of land belonging to the estate of a deceased person is in legal effect an order against directing the sale or conveyance of real property, within the meaning of subdivision 3 of section 963 of the Code of Civil Procedure, and is appealable.

ID.—LEGAL EFFECT DETERMINES APPEALABILITY OF ORDER.—The appealability of an order is determined not by what its form may be, but by its legal effect, and as the legal effect of such order is to determine against the right of the purchaser to whom the sale was confirmed to an order directing a sale and conveyance, the right to appeal therefrom is secured to such purchaser under that subdivision and section of the Code of Civil Procedure.

MOTION to dismiss an appeal from an order of the Superior Court of the City and County of San Francisco setting aside a previous order confirming the sale of land belonging to the estate of a deceased person. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

Joseph P. Lucey, for Appellant.

Cooper, Gray & Cooper, for Respondent.

LORIGAN, J.—On a sale and return and hearing thereon the superior court made an order on June 27, 1911, confirming the sale of certain real property of the estate to the O'Brien & Kiernan Realty Company.

On August 29, 1911, the court after notice to the parties interested and a hearing, entered an order in which it recited that the return of sale of said property theretofore made by the executors showed that the said property was sold to one Frank M. Scoonover for the sum of eleven thousand dollars, or for the sum of seven thousand dollars cash, he to pay a mortgage of four thousand dollars and accrued interest amounting to the sum of one hundred dollars due to the French Savings Bank; that on the hearing on such return the court

purported to make an order confirming the sale of said property to the O'Brien & Kiernan Realty Company for the sum of $11,800; that it now appeared in making said order approving the sale to the O'Brien & Kiernan Realty Company the court acted without its jurisdiction and without power for the reason that the bid of said Frank M. Scoonover was not raised ten per cent as required by law and that the order of June 27, 1911, confirming the sale to said O'Brien & Kiernan Realty Company was in excess of the jurisdiction of the court. After making these recitals it was then "adjudged and decreed that the said order so made confirming the sale to said O'Brien & Kiernan Realty Company, a corporation, is void and was at all times void and of no effect and the same is hereby annulled and set aside."

An appeal was taken by the O'Brien & Kiernan Realty Company to this court from said order and the respondent moves to dismiss the appeal on the ground that the order appealed from is not one of the orders enumerated in subdivision 3 of section 963 of the Code of Civil Procedure from which an appeal may be taken.

The subdivision of that section provides that an appeal in probate proceedings may be taken from an order "against or in favor of directing the partition, sale, or conveyance of real property," and it is under this provision of the section that appellant bases his right to appeal.

The claim of the respondent is that the order from which the appeal is prosecuted is not an order directing the sale or conveyance of real property; that it is simply an order setting aside an order of confirmation of sale and that an order setting aside an order is not one of the orders enumerated in the subdivision of the section from which an appeal may be taken.

Counsel for appellant, resisting the motion, relies on the cases of *In re Pearsons,* 98 Cal. 603, [33 Pac. 451], and *Estate of Leonis,* 138 Cal. 194, [71 Pac. 171], which he claims directly sustain his right of appeal. But these cases are not in point. In the Pearsons case the appeal was directly from an order confirming a sale and directing a conveyance and in the Leonis case, while the point was made that an order setting aside an order of sale was not an appealable order the court found it unnecessary to pass upon that question.

CLXII Cal.—12

The exact point now made has never been heretofore directly presented for consideration but we are satisfied that an order setting aside a prior order of confirmation is in clear legal effect an order against directing the sale or conveyance of property and appealable.

On this motion we have before us only the order of the court appealed from which, in terms, sets aside the order of confirmation of the sale to appellant. But the statute requires (Code Civ. Proc., sec. 1554) that in making the order confirming the sale, the court shall in the order also direct a conveyance to the purchaser and it is to be presumed that the court followed the law and in addition to confirmation expressly directed the conveyance to the appellant. However, for present purposes, whether there was an express direction for a conveyance or not is not of particular importance; there was an order of confirmation which necessitated a conveyance to the appellant as the result of confirmation and which the order appealed from attempted to set aside. Under this order the appellant acquired an absolute right, if the order was valid (and of course on this motion we cannot consider that question), to a conveyance from the executors. If the order had directed the sale and conveyance in the proceedings for confirmation to any other bidder for the property than appellant, the latter would have had a right to appeal from it as an order against directing a conveyance in its favor or in favor of the other bidder. After having made an order for a sale and conveyance in favor of appellant the court makes a subsequent order vacating such former order. If this latter order is not one against directing a sale and conveyance to appellant what was its substantial effect? It is of no consequence that this order is in form an order setting aside an order of confirmation. The question, as affecting a right of appeal is not what the form of the order may be but what is its legal effect. The plain legal effect of the order involved here is a determination against the right of the appellant to an order directing a sale and conveyance to it, and as this is clearly its legal effect the right to appeal therefrom is secured under the subdivision and section of the code relied on by appellant.

Counsel for respondent, while conceding that the point raised now has not been heretofore directly decided by this court, claims that under the decisions respecting analogous

orders, a right of appeal from an order such as is involved here is denied. He cites *Estate of Johnson* v. *Tyson*, 45 Cal. 257; *Estate of Calahan*, 60 Cal. 233; *Estate of Hickey*, 121 Cal. 378, [53 Pac. 818], and others, but as these cases directly referred to are claimed by him to be more particularly in point, they alone will be considered and discussed.

In the Tyson case the widow of the deceased filed a petition to have a homestead set apart to her. Before any order was made respecting the homestead the probate court entered an order dismissing all the proceedings subsequent to the filing of the petition. The widow appealed from this order, basing her right of appeal on the provisions of the then Probate Act (sec. 297) which allowed an appeal from an order "for or against setting apart property," etc., for the widow. The appeal was dismissed, this court holding that the order complained of did not amount to an order either "for or against setting apart property"; that the proceedings were still pending before the probate court on the petition for a homestead. This case has no application here because here an order directing a sale and conveyance had been made and if that order was valid there was nothing pending before the court when the subsequent order was made setting aside the previous order.

The other two cases cited relate to, in one case an appeal from an order vacating a decree of distribution and settlement of a final account, and the other vacating a prior order settling a final account, and it was held that these orders were not appealable because not one of the orders enumerated in the code from which an appeal could be taken. As to appeals in those matters the code provided that they might be taken from orders "settling an account" or "refusing, allowing, or directing distribution," and it was held that an order vacating an order was not enumerated in the subdivision of the section as an order from which an appeal could be taken. But neither do either of these two cases dispose adversely of a right to appeal from the order here in question. While it is not an answer to the claim of respondent now made, it may be said that no criticism could be placed on the rulings in the above cases because in holding that an appeal from an order setting aside an order in these particular probate matters the appellant attempting to prosecute them suffered in no substantial

respect. Notwithstanding a court may set aside an order of distribution or an order settling a final account, and there may be no provision for appeal, this is only a temporary delay of relief. Final accounts must be ultimately settled and distribution ultimately ordered and if a party is still aggrieved he can appeal from the order as finally made and obtain the same relief that he could have secured had an appeal from the order setting aside the order been allowed him. We do not, however, pretend to sustain our conclusion that the order from which this appeal is taken is an appealable order by an attempt to differentiate the orders in the cases cited from the order at bar on any such ground. The cases cited in our judgment simply have no application whatever. The rulings in them are based upon the fact that the code prescribed specifically the orders from which the appeal might be taken and that no provision was made for an appeal from an order setting aside an order settling accounts or ordering distribution.

But the question here is not whether there is any express provision for an appeal from an order setting aside an order but what was the character of the order from which the appeal is taken. It was certainly an order setting aside an order, but the question is while such in form what was its legal effect? No appeal is allowed in terms from an order confirming or refusing to confirm a sale. The subdivision says nothing about confirmation. The right of appeal which is given is from an order in favor of or against directing a sale or conveyance which in probate proceedings follows on a hearing for confirmation of a sale. But confirmation of a sale is not mentioned and hence the fact that an order is in form an order setting aside an order of confirmation of a sale is immaterial. The right to appeal is determined by the legal effect of the order, not its form, and as the order here in question is in legal effect an order against directing a sale and conveyance to appellant, it had a right to appeal therefrom.

In addition to the authorities cited counsel for respondent claims that the only effect of the order setting aside the prior order of confirmation in favor of the appellant was to allow further proceedings to be taken by the court and that when subsequently the court again proceeded in the matter and

made an order directing a sale and conveyance to Frank M. Scoonover, the appellant could appeal from that order as a final order in the confirmation proceeding and under such appeal obtain all the relief he claims under the appeal here taken. But there is nothing in the record as to any subsequent action of the court after it set aside the order of sale in favor of appellant and it would not affect the present question if there was. If the original order directing a sale and conveyance to the appellant was valid the appellant had acquired a vested right to a conveyance and the court could make no subsequent order which would defeat that right.

Nor can appellant's right of appeal from the order in question be made to depend upon any subsequent act of the court in the matter. No further proceedings upon the return of sale under which confirmation in behalf of the appellant was made might ever be taken. The executors and Scoonover might have abandoned further proceedings under it or the court have directed another sale. If, on the other hand, subsequent proceedings were had and a sale of the property confirmed to Scoonover or to any one else the right of appellant to appeal from that subsequent order would not afford it the same relief as could be obtained on an appeal from the order setting aside the prior order directing a sale and conveyance to it. An appeal from the order setting aside the sale and conveyance to it from which this appeal is taken would determine directly the right of the appellant to a conveyance under the original order in the confirmation proceeding. If it was relegated to an appeal from a subsequent order which might direct a sale and conveyance to Scoonover or some one else if such an appeal were successfully maintained it would determine only that the order directing the sale to Scoonover or some other person was invalid. It would not determine directly the question that the confirmation to appellant which the court attempted to set aside was valid and it is the right to have that question determined directly which is given under the subdivision of the section when the order setting aside an order of confirmation is in legal effect an order "against directing . . . a sale or conveyance" in its favor.

The motion to dismiss the appeal is denied.

Henshaw, J., Melvin, J., and Beatty C. J., concurred.