[L. A. No. 3923.   Department Two.—March 30, 1915.]

## In the Matter of the Estate of ANNA E. McCARTY, Deceased.

APPEAL—ESTATE OF DECEASED PERSON—ORDER REFUSING TO SET ASIDE
ORDER OF SALE IS NOT APPEALABLE.—An order refusing to set aside
a previous order for the sale of lands belonging to the estate of a
decedent, is not appealable.  No authority for such an appeal is
found in subdivision 3 of section 963 of the Code of Civil Procedure.

APPEAL from an order of the Superior Court of River-side County refusing to set aside an order for the sale of lands belonging to the estate of a deceased person.  F. E. Densmore, Judge.

The facts are stated in the opinion of the court.

Frank Karr, A. W. Ashburn, Jr., and W. R. Millar, for Appellant.

Allison & Dickson, Edwin A. Meserve, and Paul H. McPherrin, for Respondent.

MELVIN, J.,—This is in form an appeal by one P. L. Wilson from an order denying his motion to set aside an order of sale in the estate of Anna E. McCarty, deceased.  The only connection of appellant with said estate is that of purchaser of the real property thereof, sold and confirmed to him by the probate court under and by virtue of the order of sale and subsequent proceedings which he attacked in his motion.  On February 8, 1913, the court made an order authorizing the executor of the estate to sell the real property, and on December 6, 1913, an order was made confirming the sale of certain of the lands of the estate to the appellant herein. On May 2, 1914, appellant served and filed notice of motion to vacate and set aside the order of February 8, 1913, and all subsequent proceedings pertaining to the sale of the property, on the ground that the court was without jurisdiction to make the order and to entertain the other proceedings involved. On May 9, 1914, the motion was denied after argument.  It will thus be seen that no appeal from the order authorizing the sale of the property of the estate or from the order con-

firming the sale is here involved, but that many months
elapsed subsequent to such orders before appellant sought
relief by his motion.

Respondent insists that the order attacked is not appeal-
able. If any authority for such an appeal exists, it must
be found in subdivision 3 of section 963 of the Code of Civil
Procedure. (*Estate of Calahan,* 60 Cal. 233; *In re Seymour,*
15 Cal. App. 290, [114 Pac. 1023].) That subdivision pro-
vides that an appeal may be taken from a judgment or order
"against or in favor of directing the partition, sale or con-
veyance of real property."

In *Estate of Smith,* 51 Cal. 565, it was held that under
section 969 of the Code of Civil Procedure (which was the same
as the third subdivision of the present section 963), an order
refusing to set aside an order of sale previously made is not
appealable.

In *Estate of Martin,* 56 Cal. 208, it was held that an order
directing an executor to proceed with a sale previously or-
dered is not appealable, and in *Lutz* v. *Christy,* 67 Cal. 457,
[8 Pac. 39], the court ruled that orders refusing respectively
to set aside an order of distribution and an order settling a
final account were not appealable. Without further citation
it may be said that the decisions have rather strictly fol-
lowed the letter of the statute.

But appellant cites with apparent confidence the recent
case of *Estate of West,* 162 Cal. 352, [122 Pac. 953], in which
it was held that an order setting aside an order previously
made confirming the sale of land of an estate of a deceased
person was appealable because it was in legal effect an order
against directing the sale of real property. It does not
follow, however, that an order *refusing* to set aside an order
of sale is appealable. The basic principle underlying the
decision in the matter of the *Estate of West* was that the order
set aside by the court below gave to appellant rights which,
if properly conferred, were absolute. It followed logically
that an order disturbing those rights—and particularly the
right to a consummation of the sale—was an order against
directing a conveyance. But the order which appellant here
seeks to have reviewed on appeal is neither in favor of nor
against the making of a conveyance. The order which was
made, denying Mr. Wilson's petition, was one which neither
added to nor took any force from the orders previously en-

tered. By the order of sale certain rights were created in favor of the purchaser on the one hand and the estate on the other, if the order was not erroneously made. If error existed any interested party who felt aggrieved had a right to an appeal from that order. But an unsuccessful attack upon such an order by motion to set it aside does not create a new right of appeal involving the very questions which might have been presented on an appeal from the order of sale itself or the order of confirmation. By such an order no rights are granted or taken; no obligations are imposed or removed; and no new directions for or against the sale or conveyance are given. The order refusing to set aside the orders theretofore made, therefore, is not appealable.

It follows that the order must be and it is hereby affirmed.

Henshaw, J., and Lorigan, J., concurred.

Hearing in Bank denied.