[Sac. No. 2626. Department One.—February 13, 1918.]

In the Matter of the Estate and Guardianship of HERMAN C. VERWOERT, a Minor. ALFREDA VERWOERT, Guardian, etc., Respondent, v. W. O. JENKINS, Appellant.

GUARDIAN AND WARD—SALE OF REAL ESTATE—AUTHORITY OF COURT TO ORDER PRIVATE SALE.—Although a guardian's petition for an order to sell his ward's real estate does not ask that the sale be made at private sale, the court may, in the exercise of its own discretion, under section 1544 of the Code of Civil Procedure, direct the sale to be made at private sale, said section being made applicable to guardians' sale by section 1787 of the same code.

ID.—TITLE TO PROPERTY—RIGHTS OF PURCHASER OF ENCUMBERED PROPERTY—RULE OF CAVEAT EMPTOR APPLIES.—On a guardian's sale of real estate pursuant to an order of court, the rule of *caveat emptor* applies; the guardian sells without warranty, and such title only as the ward may have, the purchaser taking the property subject to all existing encumbrances, unless the order of sale provides otherwise.

ID.—PETITION AS NOTICE TO PURCHASER OF ENCUMBRANCE.—Where the petition for the order of sale sets forth the existence of a trust deed and the purpose of the guardian to use the proceeds of sale to pay the debts of the ward's estate including the debt secured by the trust deed, although the order of sale makes no provision for the discharge of the trust deed, the purchaser, having bid with this information, could not have been misled, and could not object or refuse to go on with the sale because of the encumbrance.

ID.—REVOKING CONFIRMATION OF SALE—AUTHORITY OF COURT.—Where a purchaser for unfounded reasons refuses to comply with the terms

of a sale made to him the court has power to revoke the order confirming the sale, and such purchaser, while still refusing, cannot be heard to object to the revocation.

ID.—PROCEEDINGS TO REVOKE CONFIRMATION—FINDINGS UNNECESSARY.— On proceedings to revoke the confirmation of an order of sale on the ground of the refusal of the purchaser to comply with the terms of sale, where the answer of the purchaser is a mere repetition of his objections to the validity of the order of sale, and to the title of the ward to the property sold, and a demand that the guardian be required to remove the objections and make the title good, findings of fact and conclusions of law are unnecessary, and no evidence is necessary to sustain an order of the trial court revoking the order of confirmation.

ID.—REFUSAL OF PURCHASER TO CARRY OUT SALE—GUARDIAN'S RIGHT TO SEEK ANOTHER PURCHASER.—In such a proceeding the court did not err in refusing to permit the purchaser to show that after the latter's refusal to complete his purchase the guardian had been endeavoring to secure other purchasers, the guardian having a right to do so after the purchaser's refusal.

APPEAL from an order of the Superior Court of Kings County.  M. L. Short, Judge.

The facts are stated in the opinion of the court.

H. Scott Jacobs, for Appellant.

John G. Covert, for Respondent.

SHAW, J.—Alfreda Verwoert, as guardian of the estate of Herman C. Verwoert, obtained an order directing the sale by her, as such guardian, of certain real estate belonging to the ward.  The order directed that the sale be made at private sale, one-half cash, the balance on a credit not to exceed three years, with interest.  The petition did not ask that the sale be at private sale, but was silent on that point. The guardian made a sale to W. O. Jenkins, appellant herein. A return of said sale was duly made and the court made an order confirming the same.  Thereupon Jenkins gave notice to the guardian that there were certain defects in the title to the land, and in the proceedings for the sale, and that as soon as such defects were removed he would complete the first payment and comply with the terms of the order of sale. The alleged defect in the title consisted of the fact that there

was an outstanding deed of trust conveying the property to trustees to secure the sum of twenty-one thousand dollars owing to the Sacramento Bank. The defect alleged to exist in the proceedings was that the petition for the sale did not ask that the sale be made at private sale. Thereupon the guardian moved the court to vacate the order confirming the sale, upon the ground that the purchaser had refused to complete the same unless the alleged defect in the proceedings was removed, and the encumbrance arising from said deed of trust satisfied. The appellant appeared and resisted the motion. After hearing the evidence, the court granted the motion, and thereupon made an order vacating the order confirming the sale, and also the order directing the guardian to make the sale. From this order the said Jenkins prosecutes this appeal. The objection made by Jenkins to the validity of the sale is untenable, and his objection to the title of the ward in the land sold to him was not sufficient cause for his refusal to go on with his purchase.

The claim that such a sale is invalid if made at private sale, where the petition therefor did not ask for a sale at private sale, is not supported by the statute. Section 1787 of the Code of Civil Procedure provides that upon the petition of a guardian for a sale of property the court "may, if the same has been prayed for in the petition, order such sale to be made either at public or private sale." Section 1789 provides that the provisions of the chapters of the code relating to sales of property by administrators, shall apply to proceedings for such sales by guardians, unless otherwise specially provided in the chapter relating to guardians' sales. Section 1544 of the chapter relating to sales by administrators provides that "every such sale must be ordered to be made at public auction, unless, in the opinion of the court, it would benefit the estate to sell the whole or some part of such real estate at private sale; the court may, if the same is asked for in the petition, order or direct such real estate or any part thereof to be sold at either public or private sale, as the executor or administrator shall judge to be most beneficial for the estate." The effect of these provisions is not, as the appellant contends, to require the petition to pray for a private sale in order to give the court authority to order such private sale. The code provides for two contingencies relating to private sales. The semi-

colon in the above quotation from section 1544 separates two distinct propositions. The first proposition is that if the court, exercising its own discretion, believes that a private sale would benefit the estate, it can so determine, and thereupon make the order accordingly. Section 1787 does not expressly declare in such a case whether the court can order the sale at private sale, or must order it at public sale, but by virtue of section 1789 the provisions of section 1544 are carried into the law respecting sales by guardians, and the court is authorized to order a guardian to sell at private sale if it deems the same beneficial to the estate. But the court may take another course, in case the petition lays the foundation therefor, which is to leave the question of selling at public or private sale to the discretion and judgment of the administrator or guardian. This is provided for both in section 1544 and in section 1787. By each, however, in order to give the court this power to commit the matter to the discretion of the guardian or administrator, it is necessary that the same be prayed for in the petition. In the present case the petition was silent on the subject, but the court had power under section 1544, in the exercise of its own discretion, to direct that the same be made at private sale.

With respect to the title, the rule of *caveat emptor* applies. A guardian in making a sale in pursuance of an order of court does not warrant the title to the property sold. He merely sells such title as the ward may have therein, and, unless the order of sale provides otherwise, the purchaser takes the property subject to all encumbrances thereon. He is bound to examine the title and satisfy himself regarding it before he makes his bid. (*Halleck* v. *Guy,* 9 Cal. 197, [70 Am. Dec. 643]; *Miller & Lux* v. *Gray,* 136 Cal. 261, [68 Pac. 770].) In this case the petition for sale gave full information of the trust deed and stated that it was the purpose of the guardian to use the money derived from the sale to pay the debts of the ward's estate, including that secured by the trust deed. The order of sale was general and made no provision for the discharge of the trust deed. Having bid with this information, Jenkins could not claim to have been misled, and he had no right to raise the objection or refuse to go on with the sale because of said encumbrance.

Appellant further insists that the court below had no power or jurisdiction to vacate the order confirming the sale to him. In support of this proposition he cites *Estate of West,* 162 Cal. 352, [122 Pac. 953], *Estate of McCarty,* 169 Cal. 708, [147 Pac. 941], and *Estate of Leonis,* 138 Cal. 194, [71 Pac. 171]. These decisions, in effect, merely declare that after a sale has been made, and either before or after the confirmation thereof, the bidder at the sale has a vested interest in the proceedings, and a right to have the sale carried out, upon compliance on his part with the terms specified in the order under which it was made. They do not hold that he has such right without such compliance. The decision in the *Estate of Leonis* does not, as appellant contends, hold that the court is without any power whatever to vacate a sale of real property made by an administrator or guardian, except where the proceedings are unfair or the price disproportionate to the value, as provided in section 1552 of the Code of Civil Procedure. All that the case really decides on that point is that under the facts shown in that case, the court had no power to vacate the sale, except for those reasons. It cannot reasonably be claimed that after a bidder for unfounded reasons refuses to comply with the terms of the sale made to him in pursuance of an order of the court, and the guardian for that cause asks to have the confirmation revoked, such purchaser, still refusing to go on, can be heard to object to the revocation, and by that means prevent a sale to another who will comply, or compel the sale to himself upon terms other than those prescribed in the order. This is, in effect, what the appellant is here attempting.

There is no merit in the claim that the application to set aside the order confirming the sale, and the order directing the sale did not show sufficient facts to justify such order. The facts we have stated appear therein. What we have already said is sufficient upon that point.

It was not necessary in proceedings of this character, for the court below to make and file findings of fact and conclusions of law. There was no real issue of fact. The answer of the appellant to the application of the respondent was a mere reiteration of his objections to the validity of the order of sale and to the title of the ward to the property sold, and a demand that the guardian be required to remove the objections and make the title good. It was, in effect,

a repetition of his refusal to carry out the sale on the terms of the order. No evidence was necessary to sustain the order of the court. There was, however, sufficient evidence of the facts.

It is claimed that the court erred in refusing to permit the purchaser to show that, after appellant's refusal to complete the sale as above stated, the guardian had been endeavoring to secure other purchasers. She had a right to do so after the appellant's refusal. These comprise all the questions discussed in the briefs.

The order appealed from is affirmed.

Richards, J., *pro tem.*, and Sloss, J., concurred.