[Civ. No. 17196.   Second Dist., Div. One.   Dec. 21, 1949.]

Estate of JENNIE MESNER, Deceased. HARRY GERSHAN et al., Respondents, v. CHARLES W. CRADICK, as Executor, etc., Appellant.

Dailey S. Stafford for Appellant.

Daniel A. Weber for Respondents.

WHITE, P. J.—The executor of the will of Jennie Mesner appeals from an order of the superior court, sitting in probate, directing him to return to the petitioners and respondents a cashier's check for $8000, representing a deposit by respondents in connection with their bid for the purchase of real property belonging to the estate of the decedent.

The following facts are undisputed:

About October 25, 1948, respondents submitted a written bid to the executor in the sum of $79,500 and delivered to him the cashier's check in question. On October 28, 1948, the executor filed a return of sale and petition for confirmation with the superior court. Hearing was set for November 15. On November 11, 1948, respondents notified the executor in writing that they rescinded their bid on the grounds of fraud and misrepresentation, and demanded return of the $8,000 deposit. On November 15, 1948, the hearing on the return of sale and petition for confirmation was held. Respondent Harry Gershan, with his counsel, was present in court, but they took no part in the proceedings. Upon the calling of the matter, the executor's attorney stated that he understood a bidder for the property was in court, and upon the court's inquiry, one J. P. Singer bid $83,975. There being no other bidders, the court confirmed a sale to Singer. On this same date November 15, the executor deposited the $8,000 cashier's check in the estate bank account. The respondents having stopped payment thereon, the check was returned to the executor. Upon his refusal to surrender the check, respondents filed a petition and secured a citation returnable before the probate court requiring the executor to show cause why the check should not be delivered up to the respondents. Upon the hearing of the petition the court made the order which is the subject of this appeal.

Appellant executor urges a reversal upon the following grounds: (1) ''The court erred in rendering judgment for petitioners (respondents) when they presented no evidence in support of their petition and in not requiring them to do so.'' (2)''Where findings of fact are required the court cannot render a valid judgment until findings are made and filed with the clerk.''

Section 1230 of the Probate Code provides that issues of fact joined in probate proceedings must be tried in conformity with the requirements of the rules of practice in civil actions. Where issues of fact are joined in contested probate matters findings are required (*Estate of Baird*, 59 Cal.App.2d 303 [138 P.2d 698]; *Estate of Rosland*, 76 Cal.App.2d 709 [173 P.2d 830]). However, a finding is not required upon a fact stipulated to be true or admitted by the pleadings, or upon an immaterial fact, or any fact not put in issue by the pleadings (*Welch* v. *Alcott*, 185 Cal. 731, 754 [198 P. 626]; *Crane Co.* v. *Borwick Trenching Corp., Ltd.*, 138 Cal.App. 319, 324 [32 P.2d 387]; *Irer* v. *Gawn*, 99 Cal.App. 17, 23 [277 P. 1053]; 24 Cal.Jur. 952; 11A Cal.Jur. 171).

The answer of the executor to the petition filed by respondents admitted the receipt and retention of the check and the confirmation of the sale to another and higher bidder. No findings therefore were necessary upon these facts, and the petitioners were not required to introduce evidence to prove them.

There remains, therefore, the question of whether the new matter contained in the executor's answer to the petition presented any fact or facts material to a determination of whether the cashier's check should be returned to the unsuccessful bidder. It was alleged in the answer that prior to the confirmation hearing the petitioners gave notice of rescission of their bid on the ground of fraud; that the court at the time of the confirmation hearing was not informed of the rescission; that Los Angeles Estate and Realty Company, a broker who was to receive a commission, was the agent of the petitioners; that the Singers, whose bid was accepted in open court, ''Will default and decline to complete the purchase of said property, and the action of said bidders in defaulting was had after conference with the petitioners. . . .'' The executor further alleged that he did not perpetrate any fraud upon petitioners.

These allegations are clearly insufficient as a defense to the claim of the petitioners for a recovery of their deposit or a

return of the cashier's check. The trial court ruled, and properly so, that any question of fraud or right of rescission was not before him; that the fact determinative of the cause was the undisputed fact that petitioners' bid had been rejected in open court in favor of a higher bidder. It is stated in appellant's reply brief that pending this appeal the order of confirmation of sale to the Singers has been vacated. This also is immaterial. The determinative point, in our view, is that appellant executor neither alleged nor proved, nor offered to prove, any fact or facts which would justify him in retaining the deposit as a forfeit had he been able to cash the check. He suggested, possibly, but did not allege or offer to prove, collusion between the two bidders.

The suggestion advanced in appellant's reply brief, that the executor is entitled to retain the cashier's check as part of the records of the estate, is patently without merit.

■ Appellant in his answer to the petition raised the question of the jurisdiction of the probate court to make an order complained of, but has not argued it in his briefs on appeal. The present dispute does not arise out of the ordinary type of claim or demand against the estate of a deceased person, based on transactions with the decedent in his lifetime, but arises out of dealings by the executor in connection with a sale of property of the estate. The sale is subject to the supervision and confirmation of the probate court (Prob. Code, §§ 780-788). The executor is an officer of the court and derives his power to act from the order of the court (*County of Los Angeles* v. *Morrison,* 15 Cal.2d 368, 371 [101 P.2d 470, 129 A.L.R. 443]). He is subject to the supervision and control of the probate court. (See Estate of *DeBarry,* 43 Cal.App.2d 715, 725, 726 [111 P.2d 728]; *Estate of Conkey,* 35 Cal.App.2d 581, 585 [96 P.2d 383]; *Estate of Maddalena,* 42 Cal.App.2d 12, 19 [108 P.2d 17]; 11A Cal.Jur 77, 78; 11B Cal.Jur. 230). While we are cited to no case precisely on the point, and our research has revealed none, we are of the view that the probate court, with its power of control over the conduct of the executor, had jurisdiction to make the order in question.

The order appealed from is affirmed.

Doran, J., and Drapeau, J., concurred.