[Civ. No. 17766. Second Dist., Div. One. Sept. 1, 1950.]

Estate of JENNIE MESNER, Deceased. J. P. SINGER, Appellant, v. CHARLES W. CRADICK, Respondent.

Clarence Hansen and Vernon S. Gray for Appellant.

Dailey S. Stafford for Respondent.

DRAPEAU, J.—The executor of this estate received a bid of $79,500 for the property from Mr. and Mrs. Harry Gershan. He presented this bid to the probate court for confirmation. On the hearing which followed, Joseph P. Singer bid in open court $83,975 for the property, and it was sold and confirmed to him.

While in court, Mr. Singer signed a formal written bid, and deposited with the executor $8,500 to bind the bargain. Executor's deed was to follow upon payment of the balance of the purchase price. For the purpose of completing the transaction, Mr. Singer caused an escrow to be set up in a bank.

But he failed to pay the money due. And he petitioned the probate court to set aside the sale on the ground of fraud; also on the ground that the Gershans, without his knowledge had withdrawn their offer before the sale to him; and, therefore, the court was without jurisdiction to proceed.

The probate court vacated the order confirming the sale, and in the same order, directed that Mr. Singer was not entitled to return of the $8,500. The court made another and additional order, based upon Mr. Singer's petition, that he was not entitled to repayment of the $8,500.

Mr. Singer appeals from both of these orders.

In the same estate an order by the probate court directing the return of the deposit of Mr. and Mrs. Gershan was affirmed by this court. (*Estate of Mesner,* 95 Cal.App.2d 265 [212 P.2d 267].)

Clerk's and reporter's transcripts and appellant's opening

brief are on file. Respondent moves to dismiss both appeals upon the ground that the orders are not appealable. In support of his proposition he cites: Probate Code, section 1240; *Estate of O'Dea,* 15 Cal.2d 637 [104 P.2d 368]; *Estate of Grussing,* 15 Cal.App.2d 11 [59 P.2d 152]; *Estate of Ryker,* 92 Cal.App.2d 162 [206 P.2d 406]; *Estate of Brady,* 32 Cal. 2d 478 [196 P.2d 881].

While appealable orders in probate matters in general are only those enumerated in the statute (*Estate of Hathaway,* 111 Cal. 270 [43 P. 754], *Estate of O'Dea, supra*), and an order refusing to set aside an order of sale is not appealable (*Estate of McCarty,* 169 Cal. 708 [147 P. 941]), the rule has definite limitations. Orders in which a party litigant in probate proceedings has an interest are appealable. (*Estate of Bradley,* 168 Cal. 655 [144 P. 136].)

And orders involving the construction of the proper exercise of the duties of an administrator are likewise appealable. Whenever an order involves such a construction, or whenever obedience thereto might subject the administrator to liability an appeal will lie. (*Estate of Welch,* 106 Cal. 427 [39 P. 805]; *Estate of Exterstein,* 2 Cal.2d 13 [38 P.2d 151].)

If the order vacating the order of sale had stopped there, it would have been nonappealable. (*Estate of McCarty, supra; Estate of Verwoert,* 177 Cal. 488 [171 P. 105].) But when the order continued, and adjudged that $8,500 was forfeit it became appealable. The appealability of an order is determined not from its form, but from its legal effect. (*Estate of West,* 162 Cal. 352 [122 P. 953].) To the extent that the order directs disposition of the $8,500 in controversy it made Mr. Singer an interested party, with the right of appeal.

The motion to dismiss both appeals is denied.

White, P. J., and Doran, J., concurred.

The opinion was modified to read as above on September 7, 1950, and a petition for a rehearing was denied September 20, 1950.