[L. A. No. 23078. In Bank. May 25, 1956.]

Estate of HARRY A. SHERMAN, Deceased. JACOB H. KARP, Petitioner, v. HOPALONG CASSIDY, INC., Appellant; THEODORA LOIS SHERMAN et al., Respondents.

[L. A. No. 23115. In Bank. May 25, 1956.]

Estate of HARRY A. SHERMAN, Deceased. JACOB H. KARP, Petitioner, v. HOPALONG CASSIDY, INC., Respondent; THEODORA SHERMAN et al., Appellants.

H. P. Babson and John C. Goff for Petitioner.

Gang, Kopp & Tyre, Hermione K. Brown, Arthur London and Milton A. Rudin for Appellant in No. 23078 and Respondent in No. 23115.

Morris Lavine and Wm. J. Clark for Appellants in No. 23115 and Respondents in No. 23078.

SHENK, J.—These are consolidated appeals from orders of the superior court sitting in the probate of the estate of Harry A. Sherman. The contestant Hopalong Cassidy, Inc., in action Number 23078 appeals from an order of August 10, 1953, vacating an order of June 22, 1953, confirming the sale

of personal property from the estate to Hopalong individually. The contestants in action Number 23115, who claim to be heirs at law and creditors of the decedent, appeal from an order of August 24 confirming for the second time the sale of the property to Hopalong.

Harry A. Sherman died testate on September 25, 1952. Jacob H. Karp was appointed and qualified as executor of his will. The testator provided in his will that the executor might "do any and all things necessary in the management and distribution of my estate as he, in his discretion, shall deem advisable." The estate consisted in part of 200,000 feet of film footage. The executor negotiated for and made a private agreement for the sale of the film to Hopalong for $5,000. He petitioned for and obtained the order of June 22d confirming the sale but he failed to serve notice of the hearing on the heirs and creditors appearing herein. (See Prob. Code, §§ 1200, 1202.) On motion of those heirs and creditors the order of confirmation was set aside and vacated by the order of August 10th, and the petition for confirmation of the sale to Hopalong was reset for hearing. Hopalong appealed from the order of vacation but the court nevertheless proceeded with the second hearing as scheduled and again confirmed the sale on August 24th. The heirs and creditors appeal on procedural grounds from the latter order of confirmation. That appeal will be disposed of first.

It is contended by the heirs and creditors that the appeal by Hopalong deprived the court of jurisdiction to entertain the second hearing on the petition to confirm the sale. Section 946 of the Code of Civil Procedure provides as follows: "Whenever an appeal is perfected . . ., it stays all further proceedings in the court below upon the judgment or order appealed from, or upon the matters embraced therein . . .; but the court below may proceed upon any other matter embraced in the action and not affected by the order appealed from. . . ." Hopalong contends that the two matters embraced different subjects because the first appeal tested only the propriety of the order vacating the original confirmation of the sale and the second appeal tested the authority of the court to approve the sale, and that such matters were purely collateral, supplemental, or independent of each other. (*Cf. Hennessy* v. *Superior Court,* 194 Cal. 368 [228 P. 862]; *Estate of Waters,* 181 Cal. 584 [185 P. 951]; *People* v. *Hall,* 115 Cal. App.2d 144 [251 P.2d 979].) This argument fails to recognize that it is the substantive issues of the hearings and not

the procedural aspects of the appeals which cannot embrace the same matters if the court below is to proceed. In the present case if the matter embraced within the order of vacation is the same as that embraced in the second order of confirmation, the proceeding resulting in the second confirmation should have been stayed. ▮ The order of vacation was an appealable order only because it was in effect an order directing the executor not to convey the property. (*Estate of West,* 162 Cal. 352, 356 [122 P. 953] ; see also *Estate of McCarty,* 169 Cal. 708, 709 [147 P. 941].) ▮ Certainly a second proceeding to obtain an order directing and confirming a conveyance of the same property to the same buyer embraces the same subject matter. Accordingly it would appear that the appeal by Hopalong ousted the court of authority to confirm the sale pending that appeal.

▮ As to the propriety of the order of vacation of the first confirmation of the sale, from which order Hopalong has appealed, it is claimed that the requirement for giving notice of and justification for the sale was unnecessary in the present case by operation of section 757 of the Probate Code. That section provides that ''When property is directed by the will to be sold, or authority is given in the will to sell property, the executor may sell the same either at public auction or private sale, and with or without notice, as he may determine; but he must make a return of sales and obtain confirmation thereof as in other cases. In either case no title passes unless the sale is confirmed by the court; but the necessity of the sale, or its advantage or benefit to the estate or to those interested therein, need not be shown. . . .'' The question thus raised is whether the will provided a direction to the executor to sell the film footage at his discretion. If so the sale was properly conducted and no valid objection can be taken thereto in a proper hearing for confirmation. If not, and no other exception can be shown to be applicable, the sale was not made according to statutory requirements (Prob. Code, §§ 754, 772, 1200, 1202). It should not have been confirmed and the first order of confirmation was properly vacated.

▮ It is contended by Hopalong and disputed by the adverse parties that the direction to the executor to do ''any and all things necessary in the management and distribution of my estate as he, in his discretion shall deem advisable'' constituted authority to make the disputed sale. It cannot be denied that selling must be included as one of ''any and

all things'' which might be done, but whether selling is ''necessary in the management and distribution'' of the estate is a different question. Nothing in the will indicates that a power to sell was necessary or intended to be included in ''management and distribution.'' It is said that generally a will must be liberally construed to carry out the intent of a testator. But there are no decisions indicating that a will must be liberally construed to create a nonexistent intent. There must be an indication on the part of the testator sufficient to raise a reasonable inference that he intended to authorize the particular activity. Where such activity consists of selling the assets of the estate the courts look for an unequivocal expression of an intent to do so. It is stated in 33 C.J.S. at pages 1294-1295 that the power ''to manage and control does not authorize a sale of the land; and the mere fact that a sale would be beneficial to the estate is not sufficient to raise an implied power of sale, where this is not necessary to carry out the provisions of the will.'' In Bancroft's Probate Practice, Volume 3, it is stated at page 218 that no ''power of sale is given unless the language to that effect is express or it is clear from the entire will that a power of sale is intended.'' In *Goad* v. *Montgomery*, 119 Cal. 552 [51 P. 681, 63 Am.St.Rep. 145], a will had conferred an express power of sale on executors, but had not expressly conferred such power on the same persons as trustees of a testamentary trust into which the proceeds of the estate were disbursed. The decree of distribution required the trustees to ''manage the said property and pay over and deliver the same'' to beneficiaries. This court held that the ''trust herein to 'manage' the property implies, by force of the term used, that the trustees are to retain it under their control, and is inconsistent with the idea that they have authority to sell or otherwise dispose of it. 'To manage an estate is, in common parlance, as well as legal acceptation, no authority to part with the entire interest.' (*Roosevelt* v. *Fulton*, 7 Cow. 81.)''

It appears from the foregoing that a power of sale must be clearly and definitely indicated and that the language in the present case is insufficient to confer such a power.

 It is also contended by Hopalong that the sale of the film footage was authorized and conducted under section 770 of the Probate Code. That section provides for the sale of ''Perishable property and other personal property which will depreciate in value if not disposed of promptly, or which will incur loss or expense by being kept. . . .'' Such

property may be "sold without notice, and title shall pass without confirmation" subject only to an approval by the court of an accounting for its actual value by the executor. Relying on the foregoing section Hopalong contends that the court improperly vacated its original order of confirmation on the ground that no notice was required; that in fact no confirmation of the sale was required and the court could only deny its approval of the sale and charge the executor with responsibility for the value of the property if it concluded that the sale was improper, and that although the sale might originally have been attempted and confirmation sought under sections of the Probate Code other than 770, there was nothing to prevent the consideration of a subsequent petition for approval under section 770 resulting, apparently, in the second order of confirmation. By this theory, of course, the question whether a power of sale was conferred on the executor would become immaterial. But there is no adequate showing in the record that the property is of the nature contemplated by section 770. The proceedings were for confirmation as required by section 757 rather than for the approval required by section 770. The record clearly indicates this to be so, particularly in view of the fact that the parties contemplated the receipt of bids at the hearings, a procedure specifically not required when a sale under section 770 is contemplated. (Prob. Code, § 756.5.) The argument that a sale had been completed under section 770 is without merit.

It therefore appears that the court was without authority to proceed with the hearing resulting in a second order of confirmation, and that order is reversed. As there was no power of sale conferred on the executor, the first order of confirmation was not properly made and the order vacating it is affirmed.

Gibson, C. J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.