[Civ. No. 6949.    Fourth Dist.    July 31, 1962.]

Estate of MYRTLE BRISSENDEN MUNTEAN, Deceased. JESSIE BRISSENDEN, Claimant and Appellant, v. ANNA MUNTEAN et al., Claimants and Respondents.

Gostin & Katz and Irwin Gostin for Claimants and Respondents.

GRIFFIN, J.—On March 21, 1961, a petition was filed to determine heirship in the above-entitled estate. On April 4, 1961, notice of hearing on April 14, 1961, was mailed to the Rumanian heirs. An order determining heirship was filed July 12, 1961, ordering that the Rumanian bequests and devisees had lapsed because of no showing of reciprocity. On November 8, 1961, the Rumanian legatees filed notice of motion to set aside order determining heirship based upon noncompliance with Code of Civil Procedure, section 1013, in reference to service of notice by mail and extension of time for exercising the right of performing the act. On December 1, 1961, the court granted the motion of the Rumanian heirs to set aside and vacate the order of July 12 determining heirship, based upon this ground. Petitioner also filed a similar motion in the superior court under Code of Civil Procedure, section 473, which was denied. Appellant appealed from the order setting aside the order determining heirship. On June 7, 1962, respondents filed their motion to dismiss this appeal on the ground that the appellant has appealed from a nonappealable probate order. ▮▮ While an order determining heirship is an appealable order, under Probate Code section 1240, an order setting aside such an order is not appealable. *Estate of Murphy,* 128 Cal. 339 [60 P. 930], clearly holds to this effect. There, a decree of final distribution of the estate of a deceased person, which decree was appealable under Probate Code section 1240, was set aside and the Supreme Court held that the order vacating it was not appealable because no provision was made for it in the Probate Code. ▮ The order setting aside the order determining heirship does not have the legal effect of determining heirship against appellant and is therefore not appealable. (*Estate of Mesner,* 99 Cal.App.2d 319 [221 P.2d 740]; *Estate of Calahan,* 60 Cal. 232.)

Appeal dismissed.

Coughlin, J., concurred.